James P. CREAMER and Mary Creamer, his wife, Plaintiffs-Respondents,

v.

Raymond BANHOLZER and Norma Banholzer, his wife, Defendants-Appellants.

Nos. 48294, 49239.

Missouri Court of Appeals, Eastern District, Division Four.

June 5, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

David V. Collignon, Clayton, for defendants-appellants.

William R. O'Toole, St. Louis, for plaintiffs-respondents.

SNYDER, Judge.

Raymond Banholzer and Norma Banholzer, his wife, appellants, own Lot 3 of Block 2 of Wilbur Terrace in St. Louis County. James P. Creamer and Mary Creamer, his wife, respondents, own the adjoining Lot 2. This litigation arises out of a boundary dispute and a fence which engendered a considerable amount of animosity between these neighbors. The Creamers filed a petition in equity seeking to enjoin the Banholzers from trespassing and encroaching upon what the Creamers considered to be their property. The Banholzers counterclaimed alleging that the Creamers had trespassed upon the Banholzer property and asking the court to establish a boundary. Both parties prayed for actual and punitive damages.

The trial court ruled in favor of the Banholzers in establishing the boundary and awarded them actual damages of $870.00, the cost of a survey. The trial court denied punitive damages.

The Creamers' subsequent motion to amend the judgment was granted and the trial court awarded the Creamers a twenty foot by eighteen inch easement of access over the Banholzers' real property. The purpose of the easement was to allow the Creamers to maintain and repair their garage which was close to the established property line.

On June 13, 1984 the Creamers filed an application to hold the Banholzers in contempt of court for violation of the trial court order which granted the easement. The parties stipulated to the facts, and on August 30, 1984 the trial court granted the Creamers' motion for contempt, held the Banholzers in contempt of court, and ordered them to remove a fence and poles which the Banholzers had erected after the judgment on the Creamers' easement. The trial court fined the Banholzers the sum of $500.00 per day for each day that the fence and posts were allowed to remain on the easement after September 15, 1984 and awarded the Creamers the sum of $500.00 as attorneys fees.

The Banholzers appealed the judgment of contempt in their second appeal arising out of this litigation. On the court's own

motion the two appeals were consolidated. The appeal from the contempt citation is dismissed. The judgment of the trial court establishing the boundary and granting an easement is affirmed.

The Creamers filed a motion to dismiss the Banholzer appeal from the ruling finding them in contempt and the concomitant award of attorneys fees. The motion is granted.

■ An order finding a party in contempt is not a final judgment. *Hamilton v. Hamilton*, 661 S.W.2d 82, 83[4] (Mo.App. 1983). There is no final judgment until the court's order is enforced. In the case under review, the trial court found the Banholzers in contempt, ordered them to remove the fence and poles, assessed a fine, and awarded attorney's fees. The record fails to disclose any attempt to enforce the court's order by incarceration or otherwise. The order of the trial court finding the Banholzers in contempt is therefore interlocutory in nature and not appealable. *Id. See also, Smith v. Smith*, 676 S.W.2d 65, 66[2] (Mo.App.1984).

The Banholzers' first point relied on in their appeal from the original judgment asserts the court erred in granting the Creamers an easement across the Banholzer's property. They argue error of constitutional dimensions saying that the court's order deprived them of their property without due process of law and without their consents in violation of their rights under the Constitution of the State of Missouri, Article I, Sections 10 and 28.

■ A constitutional question must be raised at the earliest possible time consistent with good pleading and orderly procedure under the circumstances of a given case. Otherwise, it will be waived. *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611, 612[1] (Mo.1964).

■ To raise properly a constitutional question, a party is required to raise it at the first available opportunity, designate specifically the constitutional provision claimed to have been violated, and state the facts showing the violation. *City of Eure-*

*ka v. Litz*, 658 S.W.2d 519, 521[2, 3] (Mo. App.1983).

■ The record before this court fails to disclose any objection by the Banholzers at the trial level based upon a violation of their constitutional rights. Therefore, the constitutional issue was not preserved and may not be considered on appeal.

The Banholzers do not appeal from that part of the judgment establishing the boundary and awarding them damages but assert that the trial court abused its discretion in refusing to award punitive damages. This point also must be denied.

The Creamers, prior to the time suit was filed, built a low retaining wall and a driveway extension on the disputed narrow strip of land which the court later found belonged to the Banholzers. In its conclusions of law the trial court recognized its authority to award punitive damages, but declined to do so because the Creamers relied upon their own surveyor in deciding the location of the wall and driveway extension. The trial court had sustained an objection to the testimony of the Creamers' surveyor and the introduction of his survey because it was not tied to a government corner. The court found a justifiable excuse and no legal malice on the part of the Creamers.

■ Punitive damages are never a matter of right, and whether or not they will be awarded lies wholly within the discretion of the trial court. *DeBow v. Higgins*, 425 S.W.2d 135, 143[12, 13]; *Riddle v. Dean Machinery Company*, 564 S.W.2d 238, 259[8, 9] (Mo.App.1978). There was no abuse of discretion by the trial court in denying the Banholzer's request for punitive damages. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

The appeal from the contempt citation is dismissed. The judgment establishing the boundary and granting the easement is affirmed.

SMITH, P.J., and SATZ, J., concur.