Maurice E. TORRENCE,
Respondent/Cross–Appellant,

v.

Virginia M. TORRENCE,
Appellant/Cross–Respondent.

No. 55114.

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 1, 1989.

Mark C. Piontek, Washington, Richard B. Dempsey, Union, for appellant/cross-respondent.

Rory Ellinger, O'Fallon, for respondent/cross-appellant.

GARY M. GAERTNER, Judge.

This is an appeal from an order of the Circuit Court of St. Louis County dated March 28, 1988, entered after a consolidated hearing called on cross-motions to modify and wife's motion for contempt. Appellant/cross-respondent (hereinafter Wife) asserts only one point of error on appeal. Wife contends that the motion court's contempt order as to money damages assessed against respondent/cross-appellant (hereinafter Husband), is not supported by the evidence. Husband asserts two points of error on appeal. First, he contends that the motion court's order finding him in contempt of court for nonpayment of medical, dental, and educational bills was in error. Husband also asserts that the motion court erred in retroactively increasing his child support payment to the date of Wife's motion to modify. We affirm in part and dismiss in part.

The record reveals that Maurice E. Torrence and Virginia M. Torrence obtained a decree of dissolution of marriage in the Circuit Court of St. Louis County on December 17, 1979. Husband and Wife reached a settlement agreement which was incorporated into and made a part of the dissolution decree. The decree ordered Husband to pay Wife the sum of $140.00 per month as child support for the parties' minor child, Jeffrey Scott Torrence. In addition, Husband was ordered to pay one-half of the medical and dental expenses of his son not covered by insurance at the place of employment of either spouse. Furthermore, the decree ordered Husband "to pay ½ of costs of school for Tuition, Books, bus Transportation incurred by Jeffrey Scott provided that he shall have the right to select a reasonable school. If Petitioner and Respondent [Husband and Wife] disagree as to which school the minor is to attend, Petitioner [Husband] shall only be liable for those expenses which are charged at the school of his choice."

In July of 1985, Wife filed a motion to modify the original divorce decree. She requested the motion court to increase child support to $780.00 per month due to substantial and continuing changes in cir-

cumstances. Husband filed a cross-motion to modify in August of 1985. He included a request for additional provisions for temporary custody and visitation, and an answer of general denial to Wife's motion.

Wife filed a Motion for Contempt on March 17, 1986. She requested an order of the court holding Husband in contempt for failure to pay half of the educational, medical and dental expenses for Jeffrey and for refusal to pay any of his educational costs.

The motions were consolidated for a hearing which, due to docketing difficulties, was not held until March 28, 1988. The court found the amount of child support ordered by the original decree unreasonable due to a substantial change of circumstances in the needs and health of Jeffrey. The court considered the evidence in light of RSMo §§ 452.340 and 452.370 (1986) and found Husband had sufficient funds to make an increased child support payment in the amount of $275.00 per month. The court further ordered the increased child support retroactive to August 1985, and denied Husband's motion to modify.

The motion court also found that Husband agreed to Jeffrey's attending Christian Brothers College (CBC) and that he failed to pay one-half of the total educational costs of $6,587.00. The court further found that Husband intentionally failed to pay one-half of all medical and dental bills in the amount of $2,444.72. The court found that Husband, with full knowledge of his obligations under the decree, and with the ability to pay, willfully and contumaciously refused to pay the educational, medical and dental bills as ordered. Therefore, the motion court held Husband in contempt and ordered him to pay $4,515.86 as his share of these expenses. The record does not show what action if any, was taken on the contempt order after the judgment was entered.

Both Wife and Husband challenge the validity of the motion court's contempt order. Wife asserts in her point on appeal that the motion court, after finding Husband in contempt, awarded her money damages which were clearly wrong, unreasonably determined and underinclusive. Wife contends that the uncontradicted evidence shows that the total educational and medical expenses of which the original dissolution decree ordered Husband to pay one-half, were $19,012.29. Wife argues that the motion court inadvertently disregarded $9,980.57 in uninsured medical expenses when it ordered Husband to pay, as his one-half share, only $4,515.86. In Husband's first point on appeal, he asserts that insufficient evidence was presented at the motion hearing to support a finding of contempt.

■ Although not briefed or argued by the parties we will consider the issue of appealability of the trial court's order of contempt. *Niehoff v. Forney*, 692 S.W.2d 635, 636 (Mo.App., E.D.1985). This issue goes to this court's jurisdiction and we therefore have a duty to examine it sua sponte. *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App., E.D.1983). "In order for an appeal to lie, there must be a final judgment or order." *Id.*; RSMo § 512.020 (1986).

A civil contempt order is not a final judgment until it is enforced. *Niehoff v. Forney*, 692 S.W.2d at 637. "When confronted with a civil contempt order, a civil contemnor has two options. He may comply with the court's order, thereby purging himself of contempt; or he may decide to appeal, in which case he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment." *City of Florissant v. Lee*, 714 S.W.2d 871, 873 (Mo.App., E.D.1986).

In the instant case, there is no indication that the contempt order was in any way enforced. The record does not show that Husband was incarcerated nor is there evidence that a warrant of commitment was issued. Therefore the contempt order of the motion court is not final and appealable for Husband or Wife and must be dismissed.

■ In Husband's second point on appeal, he asserts that the motion court erred in retroactively increasing his child support payment to the date of service of Wife's motion to modify. Husband argues that no

evidence indicates that he deliberately delayed the motion hearing and therefore the motion court's retroactive order was an abuse of discretion.

"The determination of the effective date of the decree, at a given time subsequent to the date of filing, is a matter within the discretion of the trial court." *Brown v. Brown*, 537 S.W.2d 434, 437–38 (Mo.App., St.L.D.1976). We must defer to the motion court's decision in this case absent a clear abuse of discretion. *In Re Marriage of D.M.S.*, 648 S.W.2d 609, 614 (Mo.App., W.D.1983).

Section 452.370.1 provides in pertinent portion, "the provisions of any decree respecting maintenance or support may be modified only as to installments accruing subsequent to the motion for modification...." RSMo § 452.370.1 (1986). This statute authorizes a trial court in its discretion to order retroactive support effective as early as the date upon which the motion to modify was filed. *Reif v. Reif*, 750 S.W.2d 521, 522 (Mo.App., E.D.1988).

In this case, the motion court made its modification order as to increased child support, retroactive only to the date of service of Wife's motion upon Husband. Thus, the order was within the statutory limits of RSMo § 452.370.1 (1986). "In considering the question of when the modification of a monetary award should be effective, we take cognizance of the fact that although actions for divorce, now dissolution, and ancillary proceedings are statutory actions at law they are nevertheless tried and disposed of upon equitable principles." *Brown*, 537 S.W.2d at 438. Here there was more than a two and one-half year delay before Wife's cause was heard. We find no abuse of discretion by the motion court on this issue. Point denied.

The judgment of the trial court is affirmed as modified.

GRIMM, P.J., and KAROHL, J., concur.