### In re the Marriage of Christine SAEUBERLICH, Appellant,

v.

### Thomas SAEUBERLICH, Respondent.

### No. 56056.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 1989.

Lawrence O. Willbrand, St. Louis, for appellant.

Melody Erin Noel, St. Louis, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant, Christine Job (f/k/a Christine Saeuberlich), appeals from an order of contempt of court and from an order of temporary custody.

Appellant and respondent, Thomas Saeuberlich, were granted a dissolution of marriage on March 25, 1985. Custody of their two minor children, Colleen, born February 6, 1980, and Bradley, born August 3, 1983, was awarded to appellant. The decree stated that appellant was not to remove the children from the State of Missouri for more than ninety days without court permission or written permission from respondent. Respondent was ordered to pay child support of one hundred and twenty five dollars ($125.00) per week and fifty dollars ($50) per week maintenance.

On March 6, 1986, appellant voluntarily gave respondent custody of Colleen and Bradley. The children lived with respondent and his wife, Cindy.[1] Appellant moved to California where she remarried in April of 1987. She still resides in California.

On or about July 17, 1987, appellant's mother (the children's maternal grandmother) asked respondent to permit her to spend an evening with the children. Respondent consented. Sometime the next morning appellant phoned respondent to inform him that appellant would be taking the children with her to live in California. Respondent then filed a motion to modify the dissolution decree on July 22, 1987, requesting

primary custody of the children. Appellant's answer included a cross motion to modify which requested permission, post hoc, to remove the children to California.

Respondent's verbal requests that appellant return the children were not honored. On October 13, 1987, the first order to show cause was filed by the court requesting appellant to appear and answer to charges of contempt of court. However, service was not obtained upon appellant. On December 8, 1987, respondent filed a motion for temporary change of custody and contempt of court. Service of the show cause order relating to this motion was also not had upon appellant. Respondent filed his first amended motion for temporary change of custody and for contempt on September 19, 1988. On December 28, 1988, appellant was served with a show cause order which indicated a return date of January 6, 1989.

The court conducted a hearing on January 6, 1989. Appellant did not personally appear but was represented by counsel; respondent appeared in person and with counsel. The court found that appellant was in contempt of the decree of dissolution based on her removing the children to California for more than ninety days without consent of the court or written consent of respondent. The order of contempt directed appellant to relinquish actual custody of Colleen and Bradley to respondent no later than January 13, 1989, and imposed a three hundred dollar ($300.00) per diem fine each day thereafter that she failed to comply. The court also awarded respondent two thousand dollars ($2,000.00) in attorney's fees, one hundred fifteen dollars ($115.00) for respondent's personal expenses in maintaining this action, and fifteen hundred dollars ($1,500.00) in damages caused by appellant's refusal to abide by the dissolution decree. The court also entered an order to modify the dissolution decree giving respondent primary custody of both children pending a decision on the motion to modify and the cross motion to modify.

1. Respondent and Cindy were not married at this time but had been living together since

November of 1986. On February 6, 1988, they were married.

January 13, 1989 came and passed without appellant having returned the children. On January 24, 1989, respondent travelled to California and picked the children up at their school. The children have remained with respondent ever since.

Appellant filed her notice of appeal with the trial court on January 11, 1989. After examining the briefs of the parties, and without the benefit of oral argument, we dismiss the appeal for the following reasons.

It is apparent from the record that the order of contempt was entered to compel appellant to bring the children back to Missouri. The order therefore constituted civil contempt. The purpose of civil contempt is to enforce obedience to a court order, not to punish; it seeks to coerce compliance with this prior order. *Wisdom v. Wisdom,* 689 S.W.2d 82, 86 (Mo.App., W.D.1985). In the present case, the court was seeking to compel appellant to comply with the dissolution decree.

■ Appellant first attacks the court's order of contempt claiming that the return of service was improper and that appellant did not have adequate notice of the hearing. She also asserts that she was not served with a certified copy of the decree as required under RSMo § 511.340 (1986) and that the trial court could not entertain a motion for contempt of a different court's decree. Neither party has questioned this court's ability to review the order of contempt. However, we are obligated to consider the propriety of our own jurisdiction *sua sponte. Torrence v. Torrence,* 774 S.W.2d 880, 881 (Mo.App., E.D.1989).

We are only able to review the actions of the trial court where there exists a final judgment or order. *Id.* RSMo § 512.020 (1986). Here, appellant appeals from the order of civil contempt. In order for an order of civil contempt to be final, the order must be enforced in some manner. *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App., E.D.1983). In *Creamer v. Banholzer,* 694 S.W.2d 497 (Mo.App., E.D.

1985), the trial court found appellant, Banholzer, in civil contempt and imposed a five hundred dollar ($500.00) per diem fine for each day that the appellant continued to violate a prior judgment in an easement dispute. The *Banholzer* trial court, as part of its contempt order, awarded *Creamer* five hundred dollars ($500.00) in attorney's fees. Our court dismissed appellant's appeal of the contempt order because "the record [failed] to disclose any attempt to enforce the court's order by incarceration or otherwise." *Id.* at 499.

The case at bar is strikingly similar to *Banholzer.* Here, the trial court did find appellant in civil contempt and ordered a per diem penalty for each day subsequent to January 13, 1989, that appellant remained in contempt. The court also awarded attorney's fees and other relief.[2] Appellant filed her notice of appeal on January 11, 1989, prior to the day the per diem fine would even commence. There is nothing in the record to indicate any attempt to have the order enforced by incarceration or otherwise. *Id.* As such, the contempt order is not appealable and we dismiss appellant's appeal of the order of contempt.

■ Appellant also appeals from the separate order of the court awarding primary custody of the children to respondent pending further resolution of respondent's motion to modify the decree of dissolution and appellant's cross motion to modify. This order was decided the same day as the order for contempt. Appellant claims that the court should have granted her motion for a continuance of the January 6 hearing, that there was insufficient evidence that a transfer of custody would be in the best interest of the children, and that the court could not transfer custody to a non-custodial parent who is delinquent in his child support obligations. We must also dismiss the appeal from this order.

Neither party has challenged the appealability of this order, yet since this issue goes to our court's jurisdiction, we will

---

**2.** We express no opinion as to the trial court's ability to order such other relief in addition to the per diem fine and attorney's fees since nei-

ther party has raised this question and since our dismissal of appellant's appeal forecloses our review of any portion of the trial court's order.

examine it *sua sponte.* *Torrence,* 774 S.W.2d at 881. In order for our court to entertain an appeal, there must be a final judgment or order. *Id.* RSMo § 512.020 (1986). A final judgment for purposes of appeal is one which disposes of all of the issues and parties to an action. *Raines v. Raines,* 590 S.W.2d 117, 118 (Mo.App., S.D. 1979).

The order of custody in the instant case is expressly in effect only until the motions to modify, which are still pending, can be heard and determined. The order therefore represents a temporary order pending a final judgment; issues remain which are yet to be decided by the trial court. The order of custody is not final for purposes of appeal and we are, therefore, required to dismiss the appeal from this order.

Since we have determined that neither the order of contempt nor the order to modify the dissolution decree constitute a final judgment, we dismiss this appeal.

REINHARD and CRIST, JJ., concur.

