**CITY OF PAGEDALE, Respondent,**

v.

**John TAYLOR and Taylor Towing and Storage, Inc., Appellants.**

**No. 57176.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 5, 1990.

Gerald Michael Dunne, St. Louis, for appellants.

Frank Susman, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellants, John Taylor and Taylor Towing & Storage, Inc., a Missouri corporation, appeal from a judgment of contempt and an order of commitment entered in the Circuit Court for the County of St. Louis. We dismiss the appeal.

On March 13, 1980, respondent, the City of Pagedale, passed Ordinance No. 660 which prohibited the operation of junk yards, salvage yards, automobile salvage yards and automobile wrecking yards. Ordinance No. 660 also defines these terms and provides for penalties for its violation.

A grandfather clause in the ordinance permitted the continued operation of businesses enumerated in the ordinance if they were licensed at the time of the passage of the ordinance. This grandfather clause did not permit the enlargement, expansion or moving of a business enumerated in the ordinance.

At the time of the passage of Ordinance No. 660, the appellant corporation was being operated by John Taylor on property he had leased (the leased property). The business of the appellant corporation included the wrecking and salvage of automobiles. After the passage of the ordinance, John Taylor purchased property which adjoined the rear of, and was contiguous to, the leased property (the newly acquired property will hereinafter be referred to as the subject property).

In October, 1986, the Circuit Court for St. Louis County issued an injunction against appellant and the appellant corporation which provided, in relevant part:

33. The Court does not in any manner enjoin, restrain or interfere with the continuation by Taylor and/or Taylor's Towing of the operation of a junk yard and/or automobile salvage yard on the Leased Property adjoining and contiguous to the Subject Property. The Leased Property is the original location of said business and has continued from prior to 1980 to the present as the primary site of said business.

34. John Taylor and Taylor's Towing & Storage, Inc. are permanently enjoined and restrained from the operation of a junk yard and/or automobile salvage yard, as defined in Ordinance No. 660, at the Subject Property known and numbered as 6898 St. Charles Rock Road, being more fully described in deed recorded in Book 7321, Page 659, of the St. Louis County Recorder of Deeds. The Subject Property is the property acquired by Taylor, subsequent to enactment of City Ordinance No. 660 and upon which neither Taylor nor Taylor's Towing & Storage, Inc. has ever lawfully conducted any significant activity of such business.

On May 23, 1989, respondent filed a motion for contempt against the appellants. A trial on the motion was held on June 30, 1989. On July 5, 1989, the trial court entered its judgment finding the appellants to be in contempt. To compel compliance, the court also filed a commitment order ordering the appellants, jointly and separately, to pay $1,000.00 per day until they elected to adhere to the court's order. Further, the court sentenced Taylor to imprisonment on July 10, 1989, at noon, unless or until such time he elected to adhere to the court's order. Finally, the trial court ordered appellants to pay $1,547.00 to respondent for its attorney fees and costs. This latter amount was executed upon by the respondent on November 11, 1989.

■ It is abundantly clear to the court that the sole purpose of the orders of contempt and commitment was to coerce the appellants into compliance with the October, 1986, order of the circuit court. Where a contempt order has the purpose of coercing a party to comply with a court order rather than punishing a party to protect, preserve, and vindicate the power and dignity of the court, the order is one for civil contempt. *State ex rel. Shepherd v. Steeb*, 734 S.W.2d 610, 611 (Mo.App., W.D. 1987). As an order for civil contempt, the order of the trial court is not final for purposes of appeal unless the order has been enforced in some manner. *Saeuberlich v. Saeuberlich*, 782 S.W.2d 78, 80 (Mo. App., E.D.1989).

■ This court has the affirmative duty to examine the propriety of its jurisdiction in every case. *Torrence v. Torrence*, 774 S.W.2d 880, 881 (Mo.App., E.D.1989). In the present case, respondent contends that this court lacks jurisdiction in that "Taylor was *never* imprisoned, but was given five days to adhere to the court's order or face imprisonment. Likewise, Taylor *never* paid any fines under the order of commitment, as he elected to adhere to the court's order." On the other hand, appellants contend that the execution filed against them for attorney's fees and costs, rendered the order final. We agree with the former view and dismiss the appeal.

As noted above, an order of civil contempt must be enforced before it will be considered final for purposes of appeal. *Saeuberlich*, 782 S.W.2d at 80. In the State of Missouri, the "enforcement" required has usually been interpreted to involve "the actual incarceration of the contemnor pursuant to a warrant of commitment." *Hamilton v. Hamilton*, 661 S.W.2d 82, 83 (Mo.App., E.D.1983). "Enforcement" is not necessarily limited to that definition, however.

■ In the present case, the judgment of contempt ordered the payment of a fine, as well as imprisonment, to coerce compliance with the 1986 order of the circuit court. Had the respondent executed on the fine, this court would be loathe to say that the contempt order had not been enforced.

■ The attorney's fees and costs awarded to the respondent are a different matter entirely. While awarding attorney's fees in civil contempt cases is within the discretion of the trial court, *McNeill v. McNeill*, 708 S.W.2d 751, 754 (Mo.App., E.D.1986), such an award is to compensate the aggrieved party for losses or damages sustained by reason of the contemnor's noncompliance. *In re Marriage of Morriss*, 573 S.W.2d 101, 102 (Mo.App., K.C.D. 1978). It is not a portion of the civil contempt order itself which is solely to coerce compliance. *Saeuberlich*, 782 S.W.2d at 80. The execution on the attorney's fees *by themselves* was, consequently, insufficient to make the civil contempt order final.

Appeal dismissed.

REINHARD and CRIST, JJ., concur.