Connie Jo BEELER,
Appellant/Respondent,

v.

Milton Lee BEELER,
Respondent/Appellant.

No. WD 44229.

Missouri Court of Appeals,
Western District.

Nov. 19, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Jean E. Goldstein, Columbia, for appellant-respondent.

Marvin Tofle, Columbia, for respondent-appellant.

Before BERREY, P.J., and ULRICH and HANNA, JJ.

BERREY, Presiding Judge.

Wife appeals the trial court's termination of maintenance, and husband cross appeals contending child support payments should not have been increased. He also contends the trial court erred in its determination of when the increased child support should be effective, as well as when the termination of the maintenance payments should begin. Judgment affirmed.

Connie Jo Beeler (Connie) and Milton Lee Beeler (Milton) were married on May 29, 1970. There were two children born of the marriage, John and Kelly. Connie had a child prior to the marriage named Jerry, and Milton adopted Jerry when Jerry was in junior high school.

On October 1, 1984, the parties were divorced. At the time of the divorce, the parties entered into a separation agreement. The agreement provided Connie should be awarded custody of the three children. It also provided Connie would receive $125 per child every month in child support as well as $600 per month maintenance. Additionally, Milton was to be responsible for the children's medical and dental bills. The separation agreement was incorporated into the divorce decree.

On May 22, 1989, Milton filed a motion to modify the decree of dissolution to termi-nate his obligation to pay maintenance. Connie filed a motion to dismiss, alleging the maintenance award was contractual and, thus, non-modifiable. Additionally, she filed a counter motion to modify child support and to enforce the decree as to payment of medical expenses. The motion to dismiss was overruled.

The hearing on the motions was held on November 6, 1990. After hearing the evidence, the judge terminated the maintenance award, increased the child support award for Kelly effective August 22, 1989, and terminated child support for John effective December 1, 1989.

The issues on appeal are many. Connie first contends the trial court erred in terminating the maintenance award. She also contends the child support for John should have been terminated as of July 1990, rather than December 1, 1989. And finally she contends the trial court erred in failing to award her attorney fees.

On cross-appeal Milton raises six issues. He first contends the trial court erred in increasing the child support award for Kelly and further erred in ordering the increase take effect August 22, 1989, rather than November 6, 1989, the date of the modification order. Milton also contends the trial court erred in failing to credit him for the child support paid for Jerry after Jerry was emancipated. Additionally, he alleges the trial court erred in failing to order the termination of maintenance to take effect on the date the motion to modify was filed. He contends the trial court erred in determining he breached the decretal agreement to pay the children's medical expenses. And finally, he contends the trial court erred in not awarding him attorney fees.

■ We first address Connie's contention the trial court erred in terminating the maintenance award. She charges the award was contractual and non-modifiable. Connie relies specifically on the language in the agreement that the "maintenance award shall be deemed contractual" to support her belief the maintenance was non-modifiable. Milton responds contending

the judge did not misapply the law and, thus, the decision of the trial court should not be overruled. We agree.

Under § 452.325, RSMo 1986, three types of maintenance are possible:

1. Decretal maintenance which is ordered by the court;

2. Private contractual maintenance which is agreed to by the parties, but is not incorporated into the decree and can be modified only by agreement of the parties; and

3. Separation agreement decretal maintenance which is maintenance agreed to by the parties and incorporated in the decree. This may be modified unless the parties provide that it may not be.

§ 452.325, RSMo 1986; *Bryson v. Bryson*, 624 S.W.2d 92, 94–95 (Mo.App.1981). The parties in this case agreed to separation agreement decretal maintenance. The maintenance agreed upon in the separation agreement was incorporated into the decree.

The case law and statutes indicate separation agreement decretal maintenance is modifiable unless the parties expressly agree it is not modifiable. § 452.325.6, RSMo 1986. In *Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980), the court held maintenance included in a decree by incorporation of the separation agreement as provided in § 452.325.4(1), RSMo 1986, may be modified unless the parties provide specifically in the separation agreement that modification is precluded or limited. *Id.* at 295. Case law further provides guidance for creating a non-modifiable maintenance agreement. *See Desloge v. Desloge*, 617 S.W.2d 486 (Mo.App.1981). There the court stated if the parties intend to make the maintenance contractual and non-modifiable, the parties must expressly agree that the maintenance terms are not to be incorporated in the court's decree. *Id.* at 489. In this case, the maintenance award was incorporated into the decree.

Appellant cites *Bryson v. Bryson*, 624 S.W.2d 92, 95 (Mo.App.1981), to support her position that "contractual modification" specifically means the maintenance award is non-modifiable. Appellant's reliance on *Bryson* is misplaced. While *Bryson* discusses contractual maintenance, the ruling in no way intimates contractual maintenance in and of itself renders the maintenance non-modifiable. In *Bryson* the court was faced with what the trial court viewed as a situation of an uncertain maintenance amount. That is, the maintenance had been set out in the decree as a percentage of the husband's income or a set amount, whichever was greater. The trial court determined the award was void because it lacked sufficiency and certainty. The appellate court in its opinion reiterated that under separation agreement decretal maintenance, the parties must provide specifically in the separation agreement that modification is precluded or limited. *Id.* The court discussed at great length how the separation agreement could be included in the decree and then be enforceable as a judgement. *Bryson* 624 S.W.2d at 97. However, while *Bryson* is instructive regarding maintenance agreements, it is not dispositive with regard to whether a contractual agreement is automatically non-modifiable. In *Brucker v. Brucker*, 611 S.W.2d 293 (Mo.App.1980), the court recognized if the parties wanted to prevent future modifications of the award they should have incorporated an express statement to that effect in their separation agreement which in turn could have been incorporated into the decree. "The parties failure to express a statement preventing modification gave the court the jurisdiction to proceed on the motion to modify." *Brucker v. Brucker*, 611 S.W.2d at 296. Additionally, § 452.325.6, RSMo 1986, suggests an express exclusion to modification is necessary. Connie contends using the word "contractual" is express enough in nature to demonstrate the maintenance is non-modifiable. We disagree. The case law is clear in suggesting something more is necessary.

We affirm the trial court's decision finding the maintenance award modifiable. Appellant's Point I is denied.

In her second argument, the wife suggests even if the maintenance award was

modifiable, there was insufficient evidence to support the trial court's finding of a continuing and substantial change in circumstances.

■ "Our review of the modification order is limited to determining whether it is supported by substantial evidence; whether it is against the weight of the evidence or whether it erroneously declares or applies the law." *Markowitz v. Markowitz*, 736 S.W.2d 463, 465 (Mo.App.1987). A decree of dissolution can be modified only if the changes are so continuing and so substantial as to make the original terms of the decree unreasonable. § 452.370, RSMo 1986.

■ Upon our review, we find there is substantial evidence to support the trial court's decision to modify the maintenance portion of the decree. Since the date of the dissolution, Connie's financial condition has improved dramatically. She sold the family home and bought a farm in Iowa, which she owns without a mortgage. She also owns a business, Hopkins bar, which pays for its expenses and has approximately $5,000 in equity. Additionally, as a result of her son Jerry's death, Connie received $25,000 from the Marine Corps and an additional $25,000 from Jerry's insurance company. All of this suggests a significant change in circumstances.

An additional factor to be considered is the wife's apparent lack of desire for full-time employment. In *Oldfield v. Oldfield*, 767 S.W.2d 134, (Mo.App.1989), the court held a wife receiving maintenance is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction. *Id.* at 136. In the case at bar, the evidence is clear the wife has not made a good faith effort to become self-sufficient. At trial the wife stated she felt no need to get a full-time job and would only take a full-time job if absolutely necessary. She further stated she was not interested in retraining to improve her employment opportunities. There is substantial evidence to support the trial court's decision to terminate maintenance. We reject the wife's second point on appeal.

■ In her third point on appeal, the wife contends the trial court erred in terminating child support for her son John, effective December 1, 1989. Section 452.-340(5), RSMo Supp.1990, provides the child support payments shall terminate when the child reaches age eighteen, unless subsection (4) or (5) apply. Subsection (4) provides the support could be ordered to continue if the child is physically or mentally incapacitated. That section is not applicable to this case. Subsection (5) provides the support should continue if when the child reaches age eighteen, the child is enrolled in and attending a secondary school program of instruction. In this case, the child had not completed high school, but at the time he turned eighteen, he was not enrolled in any type of program to complete his education. The wife relies on the case of *Bollinger v. Bollinger*, 778 S.W.2d 15 (Mo.App.1989). However, this case is not applicable because the court there was utilizing and construing the 1988 amendments to the child support statute. The applicable statute in the case at bar is the 1990 version which is not analogous to the 1988 version. The child in this case turned eighteen on December 1, 1989. The record indicates the child was not attending a secondary school program at the time he turned eighteen. Therefore, the trial court was correct in terminating child support effective December 1, 1989.

■ In her last point on appeal, the wife contends the trial court erred in refusing to award her attorney's fees. She contends the trial court abused its discretion because Milton Beeler initiated the action and because Milton has greater assets.

■ Case law provides an award of attorney's fees is within the trial court's discretion and will not be overturned unless the aggrieved party shows an abuse of discretion. *In re Marriage of Babcock*, 771 S.W.2d 98, 100 (Mo.App.1989). With respect to the trial court's refusal to grant attorney fees we find no abuse of discretion.

We now address those issues raised on cross-appeal by the husband, Milton Beeler.

The husband first contends the trial court erred in raising the child support payment for the minor child, Kelly Beeler.

■ The condition precedent to any modification of child support is found in § 452.-370, RSMo 1986, which states "support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." In determining what constitutes substantial and continuing change of circumstances, the court is to consider all financial resources of both parties, including the extent to which their expenses should be shared by a present spouse. § 452.370.1, RSMo Supp.1990. The trial court is also to consider the earning capacity of unemployed parties. *Id.* The judgment of the trial court must be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence or it erroneously declares or applies the law. *Farris v. Farris,* 733 S.W.2d 819 (Mo.App.1987).

■ Missouri has adopted specific child support guidelines. If the current support deviates from the support prescribed by the guidelines by twenty percent or more, a prima facie case of a substantial and continuing change in circumstances has been established. § 452.370.1, RSMo Supp.1990. A review of the record and the form 14 exhibit suggests the trial court was correct in its determination that the child support for Kelly should be increased. In determining the necessary child support, the evidence and the guidelines indicate the husband should be paying approximately $400 in support. The current $125 per month the husband is paying deviates from the guideline amount by more than twenty percent. As the child has grown, the expenses have increased. The cost of clothing has increased as well as the daily living expenses. Increases in cost of living, which occur with the growth and maturing of children, have been held to be substantial and continuing change allowing for a modification in child support. *Echele v. Echele,* 782 S.W.2d 430, 438 (Mo.App.1989). We affirm the child support award as modified by the trial court.

■ The husband next argues the trial court erred in making the child support award retroactive to August 22, 1989. The trial court awarded Connie $402 per month in child support for Kelly, retroactive to the date Connie's counter motion to modify was filed. This court has held that retroactive child support may be awarded back to the time of the filing of the motion to modify. *Stitt v. Stitt,* 617 S.W.2d 645, 648 (Mo.App.1981). "The determination of the effective date of the decree, at a given time subsequent to the date of filing, is a matter within the discretion of the trial court." *Torrence v. Torrence,* 774 S.W.2d 880, 882 (Mo.App.1989). "We must defer to the motion court's decision in this case absent a clear abuse of discretion." *Id.* The motion to modify was filed August 22, 1989, and the judgement was entered November 21, 1990. This court does not find any abuse of discretion on the part of the trial court in determining the increase should be effective August 22, 1989. We affirm the trial court on this issue.

■ The husband next contends the trial court erred in failing to award him credit for child support paid on behalf of his son, Jerry, after Jerry had joined the military and was emancipated. A thorough review of the record indicates the husband failed to prove he had made excessive payments on behalf of the child, Jerry. The only evidence admitted with regard to the child support was the child support payment record from the clerk of court. This report indicated the husband was reimbursed for the payments made on behalf of Jerry. The husband presented no other evidence to suggest he had made any other payments on behalf of Jerry. We cannot see any error by the trial court and accordingly affirm the court's refusal to award the husband credit.

■ The husband next contends the trial court erred in determining the maintenance should terminate the date the judgement was filed. He contends the maintenance should have been terminated the date the motion to modify was filed.

We again note the absence of a set rule establishing when modification should be enacted. As we mentioned above, the date the modification becomes effective is within the sound discretion of the trial court. *Torrence v. Torrence*, 774 S.W.2d at 882. There was no evidence presented to suggest the maintenance should be terminated at the time the motion to modify was filed as opposed to the date the judgement was entered. The trial court chose to terminate the maintenance, effective the day the judgement was entered. We see nothing in the record to suggest the court abused its discretion, and affirm on this issue.

In his fifth argument, the husband contends the trial court erred in failing to award his attorney's fees. The decision of the trial court concerning the award of attorney's fees should not be reversed unless there is an abuse of discretion. *Grams v. Grams*, 789 S.W.2d 846, 850 (Mo. App.1990).

Milton contends his fees should be paid because Connie initiated the action and because he prevailed at the trial level. These arguments are unpersuasive since it was the husband who brought the initial motion to modify maintenance. Neither individual's income warrants the paying of the other party's attorney's fees. There is no evidence with regard to either party's financial resources which would indicate the wife should pay the husband's fees. The trial court did not abuse its discretion. Milton's fifth point on appeal is denied.

Finally, Milton argues the trial court erred in determining he breached his agreement to pay "unreimbursed" medical bills for the children.

An appellate court will only reverse the findings of a trial court upon a showing that there is no substantial evidence to support it, it is against the weight of the evidence, or the court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

The record indicates the wife presented substantial evidence showing the husband was not complying with the agreement to pay the children's medical bills. Along with her own testimony that she had paid $2,000 worth of medical bills, the wife also presented copies of a letter indicating non-payment as well as a copy of an outstanding bill. The trial court weighed the evidence presented by the parties and determined the husband breached his duty. We have been presented with nothing on appeal to convince us the trial court erred in reaching that decision. The husband's final allegation of error is rejected. We accordingly affirm.

All concur.