MAUS, Judge.
Plaintiff, City of Springfield, initiated this action to enjoin defendant, Ralph Weatherwax, from violating the Code of the City of Springfield by maintaining a nuisance on a city lot. On December 4, 1989, in accordance with a “Consent Agreement”, the Circuit Court entered a judgment enjoining defendant “from permitting weeds and vegetation to grow to a height in excess of twelve (12) inches in violation of the Code of the City of Springfield, from storing materials in such a manner as to provide a harboring place for insects and rodents and from maintaining an abandoned well on the property in question.” The judgment also incorporated the Consent Agreement. On July 1, 1991, after notice and hearing, the Circuit Court found defendant in contempt “for failure to comply fully with the December 4, 1989, Order of this Court and Consent Agreement incorporated therein, for the scrap materials dumped or permitted to be dumped on the ground at this site”. The court assessed a fine of $500 against defendant. Defendant appeals.
City contends the judgment holds defendant to be in indirect criminal contempt of the prior judgment of the Circuit Court and that no appeal lies from such judgment. Defendant contends that he was found in indirect civil contempt. Therefore, he contends an appeal is the proper remedy.
Classification of judgments of contempt is the subject of numerous decisions. There is no question that the judgment against defendant is for indirect contempt, as the act occurred outside the presence of the court. McMilian v. Rennau, 619 S.W.2d 848, 30 A.L.R.4th 141 (Mo.App.1981).
“The distinction between criminal contempt and civil contempt is not always clear and ‘[t]here can be contempts in which both civil and criminal elements appear.’ State ex rel. Jarboe v. Holt, 444 S.W.2d 857, 860 (Mo. banc 1969).” Ex parte Ryan, 607 S.W.2d 888, 890 (Mo.App.1980). (Footnote omitted.) The basic distinction between civil and criminal contempt has been stated in the following terms.
“The distinction between civil and criminal contempt is reflected in the content of the judgment, whether the remedy is coercive or punitive.” McMilian v. Rennau, 619 S.W.2d at 851, 30 A.L.R.4th at 145.
“On the other hand, an unconditional penalty is criminal in nature because it is designed solely to punish.” State ex rel. Imboden v. Romines, 760 S.W.2d 130, 132 (Mo.App.1988).
The distinction has also received the following amplification.
“Where a contempt order has the purpose of coercing a party to comply with a court order rather than punishing a party to protect, preserve, and vindicate the power and dignity of the court, the order is one for civil contempt.” City of Pagedale v. Taylor, 790 S.W.2d 516, 518 (Mo.App.1990).
“It is apparent from the record that the order of contempt was entered to compel appellant to bring the children back to Missouri. The order therefore constituted civil contempt. The purpose of civil contempt is to enforce obedience to a court order, not to punish; it seeks to coerce compliance with this prior order.” Saeuberlich v. Saeuberlich, 782 S.W.2d 78, 80 (Mo.App.1989).
“Generally, an outright fine, unrelated to actual damages, is not appropriate for civil contempt because it is not designed to cure but is intended to punish.” Levis v. Markee, 771 S.W.2d 928, 932 (Mo.App.1989).
Statutory criminal contempt includes: “Willful disobedience of any process or order lawfully issued or made by [the court].” § 476.110(3). See Ex parte Ryan, supra; Teefey v. Teefey, 533 S.W.2d 563 (Mo. banc 1976).
The judgment of contempt in question imposes an unconditional penalty. It is a judgment of criminal contempt. State ex rel. Girard v. Percich, 557 S.W.2d 25 (Mo.App.1977). It is firmly established that no appeal lies from a judgment of criminal contempt.
*208 “It is well settled in this state that a conviction for criminal contempt may not be reviewed by appeal.” Teefey v. Teefey, 533 S.W.2d at 565.
Also see State ex rel. Imboden v. Romines, supra; State ex rel. Burrell-El v. Autrey, 752 S.W.2d 895 (Mo.App.1988). The appeal is dismissed.
MONTGOMERY, P.J., and FLANIGAN, J., concur.