**Dorothy MAYES, Respondent,**

v.

**Robert FISHER, Appellant.**

**No. WD 46195.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 2, 1993.

Application to Transfer Denied
June 29, 1993.

Carl W. Bussey, Kansas City, for appellant.

Don L. Cowan, Independence, for respondent.

Before LOWENSTEIN, C.J., and TURNAGE and HANNA, JJ.

PER CURIAM.

By order made after a determination of paternity Robert Fisher made monthly payments of $369 for the support of his eighteen year old daughter, Kevia Fisher. Fisher moved to terminate child support under § 452.340.5, RSMo Supp.1991 claiming she was not attending sufficient postsecondary classes on a regular basis so as to allow the continuation of support payments. After a hearing, the circuit court denied the appellant father's motion for termination of child support.

Kevia Fisher, the daughter of Dorothy Mayes and Robert Fisher, turned eighteen on February 21, 1991 and graduated from high school on May 10, 1991. She registered at Penn Valley Community College in August 1991. Because of lack of money, Kevia enrolled in one three-credit-hour class, costume history, which met once weekly and which Kevia attended regularly. Wanting to pursue a degree in fashion merchandising, Kevia hoped to have sufficient funds to enroll in nine credit-hours the following semester. For almost a year Kevia had worked thirty-eight hours a week at T.J. Maxx in order to earn money for college expenses and for a car. She continued to live with her mother, and remained subject to her mother's supervision and control.

▪ Appellant Fisher asserts that the circuit court abused its discretion in refusing to terminate child support. He maintains that the evidence conclusively showed no entitlement to further child support because his daughter had reached the age of eighteen, and was not attending college classes within the meaning of § 452.340.5.

Subsection 5 provides exceptions to the termination of child support obligations when the child reaches age eighteen, but pursues education. The following provisions of § 452.340.5 are pertinent to this case:

> ... If the child is enrolled in an institution of vocational or higher education no later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.... As used in this section, an **"institution of vocational education"** means any postsecondary training or schooling for which the student is assessed a fee and attends classes regularly. **"Higher education"** means any

junior college, college, or university at which the child attends classes regularly.

Fisher insists that Kevia was not enrolled in a sufficient number of classes to entitle her to continued child support. Fisher focuses on the language in the statutory definitions, "attends classes regularly." He argues that by attending only one three-credit-hour class, Kevia failed to fulfill the requirements of § 452.340.5. According to Fisher, his daughter made a "sham" of the statutory provisions by enrolling in one class for the sole purpose of continuing his child support obligations.

Fisher places unfounded reliance on case law. *Beeler v. Beeler*, 820 S.W.2d 657, 661 (Mo.App.1991), involved the termination of child support to a child over age eighteen who had dropped out of high school and who was not attending any educational institution. *Echele v. Echele*, 782 S.W.2d 430, 437 (Mo.App.1989), concerned the specificity of an order directing a non-custodial parent to pay college expenses before the currently-applicable amendment of § 452.-340.

■ Contrary to Fisher's argument, the plain language of § 452.340.5, fails to impose any minimum class load or to set any credit-hour requirements. To qualify, a student must enroll in a postsecondary institution by October following high school graduation, and continue to regularly attend the institution. Child support obligations terminate upon the earlier occurrence of the student's attaining age twenty-two or completing the education. Whenever the language of a statute is unambiguous, as here, resort to statutory construction is unnecessary. *Bollinger v. Bollinger*, 778 S.W.2d 15, 18 (Mo.App.1989).

Kevia met the enrollment and attendance requirements under § 452.340.5. She enrolled at Penn Valley Community College before October following her high school graduation, she was regularly attending that institution, and she was under age twenty-two. Further, the evidence supported a finding that Kevia's enrollment in only one class was motivated by bona fide educational goals. She related plans to earn a degree in fashion merchandising offered at Penn Valley, and she cited financial reasons for not enrolling in more classes. The fact the girl was taking only an evening class, which met once a week, standing alone was not sufficient to relieve the father of further obligations under § 452.340.

The evidence, however, supported Kevia's entitlement to continuation of support by virtue of § 452.340.5. In denying Fisher's motion for termination of child support, the circuit court relied on substantial evidence and correctly applied the law. The judgment is accordingly affirmed in accordance with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).