Deena Marie Jones McNAIR, Respondent,

v.

David Lee JONES, Appellant.

No. 19362.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 30, 1995.

Kevin P. Curran, Springfield, for appellant.

Lisa A. Ghan, Thomas M. Benson, Lowther, Johnson, Joyner, Lowther, Cully & Housley, L.L.C., for respondent.

MONTGOMERY, Judge.

The parties' marriage was dissolved in April of 1983. Respondent Deena Marie Jones McNair was awarded custody of the parties' two minor children. Appellant David Lee Jones was ordered to pay child support in the amount of $25 per week per child. In 1990, Appellant filed a motion to modify the original decree of dissolution of marriage seeking joint legal custody of the minor children and primary physical custody of the eldest child. The trial court sustained Appellant's motion and also ordered him to pay $40 per week as support for the youngest minor child.

In 1993, Respondent filed a motion to modify seeking primary physical custody of the eldest child along with an order of support, and seeking an increase in the previous award of child support for the youngest child. Appellant filed an amended answer and counter-petition seeking termination of his child support obligation regarding his eldest child

due to emancipation. The trial court sustained Respondent's motion finding that the eldest child was not emancipated and transferred primary physical custody of the eldest child to her. The trial court also entered a support order of $265 per month per child.

Here, Appellant contends that the trial court erred in finding that the eldest child was not emancipated and seeks to avoid his child support obligation for him.

 Respondent, by separate motion, urges that we dismiss the appeal, alleging numerous violations by Appellant of Rule 84.04(d). We conclude that Appellant's points relied on I, II, and III, violate Rule 84.04(d).

We reproduce verbatim Appellant's four points relied on:

### I.

No manifest circumstances existed which would have justified the continuation of support beyond age 18 under § 452.340.3(5) R.S.Mo.

### II.

The trial court erred by failing to terminate Appellant's obligation of support on the older child, Michael, because the court did not specifically provide in its order that manifest circumstances existed which justified the continuation of support beyond age 18.

### III.

Michael Lee Jones does not qualify for continued support under § 452.340.4 R.S.Mo. because he is not physically or mentally incapacitated in any way.

### IV.

The trial court erred when it found that a waiver of the October 1st deadline in § 452.340.5 occurred because: 1) manifest circumstances did not exist which justified a waiver of the deadline; 2) the October 1st deadline was inapplicable since Michael had enrolled in, and attended, college before the October 1st deadline had arrived;

and 3) Michael did not continue to attend college as required by § 452.340.5 R.S.Mo.

Rule 84.04(d) governing an appellant's points relied on provides:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder....

Setting out only abstract statements of law without showing how they are related to any action or ruling of the court is not a compliance with this Rule.

Points relied on that do not meet the requirements of Rule 84.04(d) preserve nothing for review. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo.banc 1978). *Thummel* sets out the three components of a point relied on as follows:

(1) A concise statement of the challenged *action* or *ruling* of the trial court.

(2) A statement *why* the action or ruling was erroneous.

(3) A statement *wherein* the testimony or evidence gives rise to the ruling for which appellant contends.

*Id.* at 684–85.

In the present case Points I, II, and III fail to satisfy the requirements of Rule 84.04(d). In Points I and III, Appellant fails to state the challenged action or ruling of the trial court and fails to include any statement of *why* the action or ruling of the trial court was erroneous. In Point II, Appellant fails to include a statement *wherein* the testimony or evidence at trial gives rise to the ruling which Appellant contends.

In *Montesano v. James*, 655 S.W.2d 137, 139 (Mo.App.1983), the Court stated that "[i]t is not enough for the point, as here, via conclusions of claimed error to simply say the trial court was wrong without alluding to some evidence or testimony which gives support to such conclusions." Appellant has not, in Points I, II, and III, stated with specificity the testimony or evidence which would support a ruling which Appellant contends. As to these points, we sustain Respondent's motion. After viewing Point IV in a charitable

manner we conclude the motion must be denied as to this point.

■ Our review of Point IV is governed by Rule 73.01(c). We will affirm the judgment of the trial court on the issue of child support unless it is unsupported by substantial evidence, unless it is against the weight of the evidence, or unless it misstates or misapplies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976). We will defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences in the light most favorable to the trial court's decision and disregard all contrary evidence and inferences. *Boudreau v. Benitz,* 827 S.W.2d 732, 733 (Mo.App.1992).

Michael, the minor child, was born February 14, 1975. At the time of the hearing in November 1993, he was 18 years old and resided with his mother. Michael paid her no money for rent, utilities, food, or household expenses. Michael graduated from high school in May 1993 and immediately enrolled in college. After attending college classes in the summer of 1993 and working full time, he received poor grades. Michael registered for classes for the fall semester of 1993 and paid a $25 deposit. He discontinued his fall enrollment because he lacked financial support from his father. Michael testified that he intended to return to college the next semester and planned to become a veterinarian. At the time of trial, Michael was employed full time and saving money from his job in order to continue his education. Michael attributed his poor grades the previous summer to working full time in addition to attending college.

The trial court found that (a) Michael was not emancipated from his parents and that his father's child support obligation in the amount of $265 per month as to him should continue, (b) Michael was enrolled in college prior to October 1 following his graduation from high school, and (c) Michael was not enrolled in an institution of vocational or higher education at the time of trial because of circumstances which included a lack of support from his father. The court held that Michael's circumstances dictated that the statute's October 1 enrollment requirement be waived.

We interpret the trial court's findings to mean that Michael met the statutory requirement of enrolling in an institution of vocational or higher education by October 1 following his high school graduation by enrolling in summer school; but, even though he was not in school at the time of trial, his circumstances manifestly dictated that the continuous enrollment requirement be waived.

■ Respondent argues the trial court's finding that a waiver of the continuous enrollment deadline in § 452.340.5 [1] is dictated by the circumstances of this case. Section 452.340.5, in pertinent part, provides as follows:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.

Section 452.340.3 provides that:

> Unless the circumstances of the child manifestly dictate otherwise and the court specifically so provides, the obligation of a parent to make child support payments shall terminate when the child:
>
> . . . .
>
> (5) Reaches age eighteen, unless the provisions of subsection 4 or 5 of the statute apply.

In *Braun v. Lied,* 851 S.W.2d 93, 95–96 (Mo.App.1993), the court said:

> If the legislature had not intended to give the courts some discretion in applying section 452.340.5, the legislature would have removed the opportunity for discretion by requiring the child to continue to attend consecutive semesters without interruption for any cause. The legislature's intent that the courts liberally apply section 452.340.5 is evident by the provision

---

1. Statutory references are to RSMo Supp.1993, unless otherwise stated.

within the section that the appropriate court may waive the October first deadline for enrollment required by section 452.340.5 "[i]f the circumstances of the child manifestly dictate." The General Assembly obviously intended that children of dissolved marriages who desire to obtain education beyond high school and who manifest that desire by commencing the educational process as required by section 452.340 shall continue to receive the benefit of financial support from their parents as determined by the appropriate court. Considering the legislative intent, a more reasonable construction of section 452.340.5 and one consistent with public policy is that the parental child support obligation under section 452.340.5 should not be terminated as a result of the child's temporary inability to attend classes due to illness or physical disability when substantial evidence supports the finding that the interruption is temporary and that the child intends to continue his education.

We believe this rationale should also apply to a situation where, as here, a child's temporary inability to attend classes arises from a parent's refusal to pay child support.

The record supports the trial court's finding that Michael's circumstances, regarding his failure to remain continuously enrolled in college, were due to his father's lack of support. For this reason, the trial court properly refused to terminate the child support obligation. This determination is consistent with the view, as stated in *Braun*, that courts should liberally apply § 452.340.5.

*Mayes v. Fisher*, 854 S.W.2d 430 (Mo.App. 1993), is analogous to this case. In *Mayes*, the parties' 18–year–old daughter graduated from high school and registered for college. Because of lack of money, she enrolled in one three-credit-hour class, costume history, and attended it regularly. The father maintained that the evidence conclusively showed no entitlement to further child support because his daughter had reached the age of 18 and was not attending college classes within the meaning of § 452.340.5. The father insisted that his daughter was not enrolled in a sufficient number of classes to entitle her to continued child support. He argued that his daughter made a "sham" of § 452.340.5 by enrolling in one class for the sole purpose of continuing his child support obligation. He argued that by attending only one three-credit-hour class, she failed to fulfill the requirements of § 452.340.5. The *Mayes* court held that the daughter met the enrollment and attendance requirements under § 452.340.5. *Id.* at 432. She enrolled in college prior to October following her high school graduation. The evidence supported a finding that the daughter's enrollment in only one class was motivated by bona fide educational goals. She related plans to earn a degree at some time in the near future in fashion merchandising, and she cited financial reasons for not enrolling in more classes. *Id.*

The only significant difference between *Mayes* and this case is that Michael discontinued his fall semester enrollment. In the present case Michael's testimony supports the trial court's findings that (1) he was enrolled in college before October following his high school graduation; (2) his discontinued enrollment was caused by lack of financial support from his father; (3) he intends to re-enroll in college; and (4) because of these manifest circumstances a waiver of the continuous enrollment requirement was appropriate in this case.

In denying Appellant's motion for termination of child support, the trial court relied on substantial evidence and correctly applied the law.

The judgment is affirmed.

SHRUM, C.J., and FLANIGAN, J., concur.