**Rhonda SMETANA (Presler), Appellant,**

v.

**Stephen R. SMETANA, Respondent.**

**No. WD 53594.**

Missouri Court of Appeals,
Western District.

Feb. 17, 1997.

Party acting pro se for appellant.

Dennis B. Bosch, Independence, for respondent.

Before ELLIS, P.J., and HOWARD and RIEDERER, JJ.

RIEDERER, Judge.

Rhonda Smetana (Presler), appeals the trial court's modification of child support, contending that the order should have been retroactive to the date of filing of the motion for modification. We affirm.

### Facts

The marriage of Appellant and Respondent was dissolved on June 12, 1989. There were two children born of the marriage, Amy and Stephanie. The parties were granted joint legal custody, with Appellant designated as the primary residential custodian. Since the entry of the Decree of Dissolution of Marriage, the Decree has been modified one time relating to child support and visitation privileges. On or about October 2, 1991, the decree was modified ordering the Respondent to pay to Appellant $267.50 per month, per child, for a total of $535.00 per month. On May 15, 1995, Appellant filed a motion seeking another modification of child custody and support. On July 26, 1996, the trial court heard argument on the motions. On October 10, 1996, the trial court ordered an increase in child support to $387.50 per month, per child, for a total of $775.00 per month; effective May 15, 1996. On October 25, 1996, Appellant filed a motion for reconsideration claiming that at the hearing the judge stated that the child support would be ordered retroactively to the time of filing, May 15, 1995; but the order lists May 15, 1996, as the effective date for the child support increase. The order dated October 10, 1996, was filed with the Court Administrator's Office on November, 12, 1996, reflecting May 15, 1996, as the effective date. This appeal ensued.

### Standard of Review

"Our review of the modification order is limited to determining whether it is sup-

ported by substantial evidence; whether it is against the weight of the evidence or whether it erroneously declares or applies the law." *Beeler v. Beeler,* 820 S.W.2d 657, 661 (Mo. App.1991) (citing, *Markowski v. Markowski,* 736 S.W.2d 463, 465 (Mo.App.1987)).

### Point I

Appellant's sole point on appeal is that the trial court erred by not ordering child support retroactive to the date the motion was filed.

Appellant's claim is based on remarks made by the judge at the conclusion of the hearing. The judge stated as a preface: "All right, what I'm going to say at the present time is **not** the judgment in the case. I'm going to take portions of this under advisement, but I want you to know that this is not the judgment so that today would trigger the time for after trial motions, appeals, and things of that sort. The **judgment will be when I sign a written decree and file it.**" (emphasis added). Later, the judge said: "Oh, you raised the question about how far these, this child support could be retroactive and I think very likely you're right on this, Mr. Bosch, they can only go back to the date the motion was filed." Mr. Bosch, Respondent's attorney, said, "Did you make a ruling on that or is that under advisement, the retroactivity? Did I miss that?" The judge replied, "it will be retroactive to the date the motion was filed."

 "Section 452.340.1 authorizes the circuit court to order retroactive child support, but it does not require it." *Snell v. Snell,* 916 S.W.2d 414, 416 (Mo.App.1996) (citing, *Mistler v. Mistler,* 816 S.W.2d 241, 255 (Mo.App.1991)). It is within the discretion of the trial court to order the effective date of a decree, at a time subsequent to the date of filing. *State v. Ramsey,* 820 S.W.2d 663, 667 (Mo.App.1991) (citing, *Torrence v. Torrence,* 774 S.W.2d 880, 882 (Mo.App. 1989)). Without a clear showing of abuse of discretion, the circuit court's determination as to the effective date of a child support award will not be reversed. *Id.*

In this case, it was made clear by the judge at the outset of his concluding remarks that what he said was not the judgment in the case and that the judgment would be contained in the written decree he signed and filed. Although the decree was signed on October 10, 1996, the judge filed the decree on November 12, 1996. The decree listed May 15, 1996, as the effective date of the child support modification. After the decree was signed, but before it was filed, Appellant filed a motion for reconsideration. The judge had the opportunity to change the effective date of the child support modification order after reviewing Appellant's motion for reconsideration. He declined to do so. Therefore, we view the date written in the order as the effective date intended by the judge and so ordered. This court finds no abuse of discretion, the trial court is affirmed.

All concur.