Carrie F. OVERSTREET,
Respondent/Cross–
Appellant,

v.

Stephen M. OVERSTREET,
Appellant/Cross–
Respondent.

No. ED 87003.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 13, 2007.

W. Scott Pollard, Florissant, MO, for appellant.

Theresa C. Burke, St. Louis, MO, for respondent.

Before BOOKER T. SHAW, C.J., GLENN A. NORTON, J., and PATRICIA L. COHEN, J.

PER CURIAM.

### Introduction

Stephen V. Overstreet ("Husband") appeals from the trial court's judgment dissolving his marriage to Carrie Overstreet ("Wife"). Wife cross-appeals. Husband raises two points on appeal. Wife raises six points on appeal. In Wife's point V, she argues the trial court erred in making the child support award retroactive to March 1, 2005 because there "was no evidence presented which would signify the date chosen by the trial court as relevant to the payment of child support." We agree and reverse and remand.[1]

### Facts

Husband and Wife were married on May 23, 1987. They had two children, ages 9 and 11 at the time of the dissolution hearing. The parties separated in November 2002. On June 8, 2004, Wife filed a Petition for Dissolution of Marriage.

The parties tried the matter on April 25, 2005. Prior to trial, the parties entered into a parenting plan, and custody was not an issue at the trial. The trial court rejected Wife's Form 14, Husband did not file a Form 14, and the trial court recalculated the Form 14. The trial court ordered Husband to pay child support in the amount of $1036.00 per month "retroactive to March 1, 2005." Wife appeals.

### Standard of Review

■ Provisions in a divorce decree will be affirmed unless there is no substantial evidence to support them, they are against the weight of the evidence, or the trial court incorrectly declares or applies the law. *Hammer v. Hammer*, 139

S.W.3d 239, 240 (Mo.App. W.D.2004). It is within the discretion of the trial court to order the effective date of a decree, at a time subsequent to the date of filing. *Smetana v. Smetana*, 963 S.W.2d 1, 2 (Mo. App. W.D.1998) (internal citations omitted). Without a clear showing of abuse of discretion, the circuit court's determination as to the effective date of a child support award will not be reversed. *Id.*

### Discussion

■ In Wife's point, she argues that the trial court erred in awarding the child support retroactive to March 1, 2005 because this date was arbitrary and had no relationship to the litigation. Wife contends the retroactive date should be the date of the filing of her petition June 8, 2004.

■ "Section 452.340.1 authorizes the circuit court to order retroactive child support, but it does not require it." *Smetana*, 963 S.W.2d at 2. Section 452.340.1 RSMo 2004 provides that the court may order retroactive child support "to the date of filing the petition." When reviewing the trial court's start date for retroactive child support, this Court "need not resort to speculation and conjecture in order to fathom what may have been in the mind of the trial judge in determining an appropriate date." *Foraker v. Foraker*, 133 S.W.3d 84, 95 (Mo.App. W.D.2004). Although the trial court is not required to use the filing date as the retroactive date, it should be clear from the record that the date chosen by the trial court is not arbitrary. *Laubinger v. Laubinger*, 5 S.W.3d 166, 180 (Mo.App. W.D.1999).

---

1. As to the remaining points on appeal, we have reviewed those contentions and find no error. An extended opinion as to those points would have no precedential or jurisprudential value. Therefore, Husband's points and Wife's remaining points are affirmed in accordance with Rule 84.16(b). We have furnished the parties a memorandum setting forth the reasons for this order.

At trial, Wife requested that the trial court make Husband's child support obligation retroactive to the date of filing, June 8, 2004, and credit Husband the amount of child support he was paying during this time. The trial court rejected Wife's request and chose March 1, 2005 as the retroactive date. However, the record does not support the conclusion that trial court's choice of March 1, 2005 as the retroactive date for child support was not arbitrary. At oral argument, neither party was able to explain the significance of the March 1, 2005 date. Accordingly, we find that the trial court abused its discretion awarding child support retroactive to March 1, 2005.

### Conclusion

We reverse the judgment only with respect to the choice of March 1, 2005 as the date for commencement of child support and remand for the reconsideration of the appropriate date for commencement of child support.