Elsie **HIGGINS**, Plaintiff/Respondent,

v.

Debra A. **SMITH**, Defendant/Appellant.

No. 49103.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 4, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1985.

Gregory D. O'Shea, St. Louis, for defendant/appellant.

Michael William Bradley, St. Louis, for plaintiff/respondent.

CRANDALL, Judge.

Plaintiff Elsie Higgins brought this action against her daughter, Debra A. Smith, seeking, inter alia, an order directing defendant to convey certain real property to plaintiff, an accounting of plaintiff's funds spent by defendant, and for an injunction to prevent defendant from harassing plaintiff and from trespassing on the real property in question.

The case was tried to the court. Judgment was entered awarding the real property to plaintiff. No mention was made in the judgment of plaintiff's separate claims for an accounting and for an injunction. Defendant appeals from the judgment.

Although not raised by the parties, we consider our jurisdiction *sua sponte*. *Lipton Realty v. St. Louis Housing Authority*, 655 S.W.2d 792, 793 (Mo.App.1983).

"The rule has long been that a final appealable judgment is one which disposes of all parties and issues in the case. The only exceptions are where the court has ordered separate trial of issues or has designated the judgment or order entered final for purposes of appeal." *Reeves v. Smith*, 621 S.W.2d 534, 534 (Mo.App.1981). In the present case, nothing in the record indicates the court ordered a separate trial of any issue, nor did it designate the judgment final for purposes of appeal. *Chura v. Bank of Bourbon*, 674 S.W.2d 675, 678 (Mo.App.1984); *Dudeck v. Ellis*, 376 S.W.2d 197, 204 (Mo.1964). The judgment failed to dispose of plaintiff's claims for an accounting and injunction.

The appeal is dismissed as premature.

DOWD, P.J., and CRIST, J., concur.