### CITY of FLORISSANT, Plaintiff/Respondent,

v.

### Robert Fenner LEE and James Lee, Defendants/Appellants.

### No. 50101.

Missouri Court of Appeals, Eastern District, Division Four.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1986.

Application to Transfer Denied Sept. 16, 1986.

James M. Lee, pro se.

V. Jack Muehlenkamp, Dellwood, for plaintiff/respondent.

CRANDALL, Presiding Judge.

Defendants, Robert Fenner Lee and James Lee, appeal from the judgment of the trial court permanently enjoining them from maintaining a junkyard and from storing trash, rubbish and inoperable motor vehicles on real property known as 435 Graham Road, and finding them in civil contempt for violating two prior injunctions prohibiting similar activities on the adjacent property known as 445 Graham Road. Two separate fines of $2,500 each were imposed on both defendants, jointly and severally. The trial court consolidated the present action prohibiting the operation of a junkyard at 435 Graham Road and two prior actions enjoining similar activities on the back and front portions of 445 Graham Road and granted one permanent injunction which covered both properties. The trial court ordered "all stored materials, rubbish and trash, inoperable motor vehicles and the parts thereof, and any buildings which are not authorized" to be removed within six months from the date of its order. The trial court did not designate the injunction it granted as a final judgment for purposes of appeal nor did the parties request that it do so. *See* Rule 81.06. We dismiss the appeal without prejudice as premature.

Although not questioned by the parties, we consider the issue of the appeal-

ability of the trial court's judgment *sua sponte. Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo.App.1983). In order for an appeal to lie, there must be a final judgment or order. § 512.020, RSMo (1978); *Hamilton,* 661 S.W.2d at 83. A final judgment is one which disposes of all parties and issues in the case. *Higgins v. Smith,* 694 S.W.2d 496, 497 (Mo.App.1985). Because the trial court consolidated all cases into one proceeding and did not designate any claim or issue as final pursuant to Rule 81.06, each separate issue and claim must meet the test of finality.

 A civil contempt order is not a final judgment until the order is enforced. *Niehoff v. Forney,* 692 S.W.2d 635, 637 (Mo.App.1985). When confronted with a civil contempt order, a civil contemnor has two options. He may comply with the court's order, thereby purging himself of contempt; or he may decide to appeal, in which case he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of committment. *Smith v. Smith,* 676 S.W.2d 65, 66 (Mo. App.1984). If the contemnor chooses the first option, the case becomes moot and unappealable. *Niehoff,* 692 S.W.2d at 637. If he chooses the second option, he is entitled to be released on bail pending his appeal. *Id.*

 In the instant case, the trial court set bond at $25,000. There is no indication in the record, however, that defendants have posted that bond or that they have been either arrested or confined. The record fails to disclose any attempt to enforce the trial court's order. The order of the trial court finding the defendants in contempt is therefore interlocutory and not appealable. *Creamer v. Banholzer,* 694 S.W.2d 497, 499 (Mo.App.1985).

This appeal is dismissed without prejudice as premature.[1]

SATZ and PUDLOWSKI, JJ., concur.

1. City of Florissant's motion to dismiss appeal for defendants' failure to comply with Rule 84.-

04 is denied; and defendants' motion to supplement the legal file is sustained.