**Jeanie Marie HENDRICKS, Appellant,**

**v.**

**Ronald Wayne HENDRICKS, Respondent.**

**No. 55087.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1989.

Timothy J. Farrell, Rex M. Burlison, O'Fallon, for appellant.

Ronald Wayne Hendricks, Maryland Heights, pro se.

CRIST, Judge.

Jeanie Hendricks (wife) appeals the trial court's order and judgment finding her in

contempt of the property division provisions of a dissolution decree. We dismiss the case as it is moot.

The marriage of wife and husband was dissolved on July 16, 1987. The parties' marital home, in which wife lived at the time of the dissolution of marriage, was awarded to husband, with wife ordered to relinquish possession of the home to husband on September 1, 1987. Before wife moved from the house, she removed several items, including: a ceiling fan, a built-in bathroom base cabinet and wash cloth cabinet, the bathroom mirror, a light bar that was installed above the mirror and base cabinet, the custom drapes and curtains, a wood burning stove, and the wall to wall carpeting from two bedrooms.

Husband brought an action against wife for contempt, alleging he was awarded the above-listed items, as well as others, when he was awarded the marital home. The trial court heard evidence, and found wife in contempt. In lieu of returning the property, the court ordered wife to pay husband a fine equivalent to the fair market value of the above-listed items, plus incidental damages resulting from their removal. Wife paid this fine and returned the carpeting and some of the drapes to husband.

Wife now asserts she was erroneously found in contempt because the decree was not sufficiently specific or definite to notify her she could not remove the above-listed items, because they were not specifically awarded to husband.

We must dismiss wife's appeal as moot. Under the order of civil contempt, wife had two options: to comply with the court's order, thereby purging herself of contempt; or to have disobeyed the court's order and to have waited until it was enforced by actual incarceration pursuant to a warrant of commitment. *City of Florissant v. Lee,* 714 S.W.2d 871, 873[5] (Mo.App.1986). Only by the second action could wife appeal. *Id.* By payment of the fine and return of some of the items of property, wife has complied with the order and completely purged herself of contempt. This action renders the case moot, thus it is unappealable. *Yeager v. Yeager,* 622 S.W.2d 339, 343[7] (Mo.App.1981).

Appeal dismissed.

CRANDALL, P.J., and REINHARD, J., concur.