**Carolyn May HOUTTUIN, Respondent,**

v.

**Erik HOUTTUIN, Appellant.**

**No. 55873.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 5, 1989.

Joseph Howlett, Shaw, Howlett & Schwartz, Clayton, for appellant.

Melvin G. Franke, Dempsey, Williams & Pointek, Washington, for respondent.

HAMILTON, Presiding Judge.

Appellant Erik Houttuin (hereinafter Husband) appeals from the order of the trial court finding him in contempt for (1) failure to pay maintenance and child support;[1] (2) denying his motions to modify the dissolution decree in which he sought to terminate maintenance, to transfer custody of the minor children of the marriage from his former wife, Carolyn May Houttuin (hereinafter Wife) to himself; and (3) denying his motion to cite Wife for contempt. We dismiss the appeal as premature.

When the parties divorced in August, 1983, the decree of dissolution awarded Wife custody of four of the couple's children: Monica, Robert, Erika, and Roland. It gave Husband custody of Christian, now deceased. The decree also awarded Wife $300 each month in maintenance, which amount was to increase to $500 each month in February, 1984.

On January 8, 1987, Wife filed a Motion for Contempt alleging Husband had willfully failed and refused to make maintenance payments as required under the dissolution decree. Husband responded by filing motions to modify the dissolution decree to terminate maintenance payments and to transfer custody of the children from Wife to Husband and by filing a motion to cite Wife for contempt on the grounds that she had failed to deliver to him certain items of his personal property.

All of the motions were consolidated for hearing on August 11, 1988. Wife testified to maintenance arrearages in the amount of $20,342. She said she had received $558 in maintenance from Husband in 1983; $1000 in 1984; $5500 in 1985; none in 1986, 1987, or 1988.

Husband testified that he kept no separate records of his payments of maintenance and child support. He stated that, if the amount Wife owed him were not set off, then he owed her $5900. He further stated that he did not know whether this arrearage might be a combination of maintenance and child support. While Husband testified he did not know how much money he made in 1987, he thought it was between $50,000 and $500,000. When pressed for a specific figure, he said his gross income was around $500,000 and his net income was $28,000.

At the time of the hearing, Erika and Roland were the only unemancipated children of Husband and Wife. Wife had legal custody of both, but Erika was living with her father.

---

1. We note that although the trial court's order finds Husband in contempt for failure to pay maintenance and child support, Wife's motion for contempt alleged only that Husband failed to pay maintenance.

In its order, dated November 10, 1988, the trial court found Husband in contempt of court. Specifically, it found him in arrears in payment of both maintenance and child support and it determined the amount of maintenance owed to be $21,442. The trial court further ordered Husband to purge himself of contempt by paying Wife, in addition to current monthly payments of maintenance and child support, $1000 each month until he paid the arrearage in full. Moreover, the trial court ordered that, should Husband fail to comply with the order, Husband would, upon application of Wife, be confined in the county jail from 8 p.m. to 6 a.m. Monday through Friday and 6 p.m. Friday to 6 a.m. Monday. The trial court denied Husband's motions to terminate maintenance and to cite Wife for contempt. It also ruled Wife would retain custody of Roland, but it made no ruling as to Erika's custody.

Husband filed his notice of appeal on December 9, 1988. On December 21, 1988, Wife filed a motion for order of commitment in the trial court, alleging Husband failed to comply with the trial court's order of November 10, 1988. The record before us reflects no action on this motion.

■ While the parties raise no question concerning the finality of the trial court's order of November 10, we have a duty to examine this question *sua sponte* because our jurisdiction extends only to appeals from final judgments. *Saeuberlich v. Saeuberlich,* 782 S.W.2d 78, 80 (Mo.App. E.D. 1989); *City of Florissant v. Lee,* 714 S.W.2d 871, 872–873 (Mo.App.1986). A final judgment is one which disposes of all parties and issues in the case. *City of Florissant,* 714 S.W.2d at 873. A civil contempt order[2] is, however, not a final judgment until the order is enforced. *Saeuberlich,* No. 56056 slip op. at 4. En-

forcement in this circumstance involves the actual incarceration of the contemner pursuant to a warrant of commitment.[3] *Hamilton v. Hamilton,* 661 S.W.2d 82, 83 (Mo. App.1983). Here, the trial court has entered no order of commitment. Its order finding Husband in contempt is therefore interlocutory and not appealable. *Id.*

■ Because the trial court consolidated the motions of both parties into one proceeding and failed to designate any issue as final for purposes of appeal, each separate issue must meet the test of finality. *City of Florissant,* 714 S.W.2d at 873. This policy against piecemeal appeals applies to the various issues in domestic relations actions, as it does to other types of litigation. *See Glick v. Glick,* 372 S.W.2d 912, 915 (Mo.1963). In the present case, the issue involving Husband's contempt fails to meet the test of finality. Therefore, we must dismiss the entire appeal.

CARL R. GAERTNER and STEPHAN, JJ., concur.

■

---

2. The record demonstrates that the order of contempt against Husband was entered in order to compel him to pay maintenance. Therefore, it was an order of civil contempt because its purpose was to enforce obedience to a prior court order. *Saeuberlich,* No. 56056, slip op. at 4.

3. If the civil contemner chooses to comply with the trial court's order and purge himself of contempt, the case becomes moot and unappealable. If he chooses to appeal, he must wait for enforcement by actual incarceration. He is, however, entitled to release on bail pending appeal. *City of Florissant,* 714 S.W.2d at 873.