WIN–VENT, INC., A Missouri Corporation, Plaintiff–Appellant,

v.

COMMERCE BANK OF SPRINGFIELD, N.A., Defendant–Respondent.

No. 18381.

Missouri Court of Appeals, Southern District, Division Two.

June 25, 1993.

Mark C. Fels, Gregory J. Smith, Smith & Fels, Monte P. Clithero, Taylor, Stafford, Woody, Clithero & Fitzgerald, Springfield, for plaintiff-appellant.

Thomas J. O'Neal, Richard L. Rollings, Jr., Bussell, O'Neal & Hall, Springfield, for defendant-respondent.

PREWITT, Judge.

Plaintiff appeals from a judgment of contempt. Plaintiff was adjudged to be in contempt of a preliminary injunction. The record does not show any attempt to enforce the judgment. Defendant has filed a motion to dismiss, contending that the appeal was premature.

 An order of civil contempt is not final for purposes of appeal until enforcement of it has been sought. *City of Pagedale v. Taylor*, 790 S.W.2d 516, 518 (Mo. App.1990); *City of Florissant v. Lee*, 714 S.W.2d 871, 873 (Mo.App.1986). Where the record fails to show an attempt to enforce the order, an order holding a party in contempt is interlocutory and not appealable. *Creamer v. Banholzer*, 694 S.W.2d 497, 499 (Mo.App.1985).

Plaintiff contends that because defendant filed a motion for appointment of a receiver under Rule 68.02, and the court appointed a receiver, defendant "has thus sought to enforce the contempt judgment, the judgment is now final and appealable." Rule 68.02(a) states:

> Whenever in a pending legal or equitable proceeding it appears to the court that a receiver is necessary to keep, preserve and protect any business, business interest or property, including money or other thing deposited in court or the subject of a tender, the court, or any judge thereof in vacation, may appoint a receiver whose duty it shall be to keep, preserve and protect, to the extent and in the manner that the court may direct, that which he is ordered to take into his charge as receiver.

The order appointing a receiver did not purport to enforce the judgment of contempt in any manner. Under Rule 68.02(a) defendant was entitled to a receiver independent of the finding of contempt. Appointing a receiver was not an attempt to enforce the order of contempt.

The appeal is dismissed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.