Ronald WROB, Jr. a/k/a
Mike Wrob/H.E.A.T.,
Inc., Appellant,

v.

WATLOW ELECTRIC MANUFACTURING COMPANY, et al., Respondent.

No. 63530.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 7, 1994.

Stephen M. Hereford, St. Louis, for appellant.

Edward M. Goldenhersh, St. Louis, for respondent.

CARL R. GAERTNER, Judge.

This appeal arises out of an action to vacate or modify an injunction which was originally ordered on June 4, 1991. The appellants, Ronald M. Wrob, Jr. (Mike Wrob), and HEAT, Inc., were enjoined, for a period of five years, from competing with the respondents, Watlow Electric Manufacturing Company (Watlow) and its wholly owned subsidiary, Pacific Heater Corporation (Pacific). Mike Wrob and HEAT filed a motion to modify or vacate the injunction. The trial court denied their motion, found Wrob in civil contempt, and awarded attorney fees to Watlow and Pacific. Wrob and HEAT appeal. We dismiss the appeal without prejudice as premature.

Wrob is the president of HEAT, a Missouri corporation, originally incorporated by Mike Wrob and his father, Ronald M. Wrob, Sr. Mike Wrob and Ronald Wrob incorporated HEAT when both were still employed by Pacific. They tried to conceal information concerning the formation of HEAT from Pacific and Watlow. While still employed at Pacific, Mike and Ronald Wrob were able to use false identities, a lease agreement that they entered on Pacific's behalf with a fictitious entity that they created, and forged signatures to misappropriate personal property belonging to Watlow and Pacific, including: product drawings, specifications, test data, customer lists, sales information, marketing information, and special equipment drawings and specifications. This material, which included Watlow and Pacific trade secrets, was being used to begin manufacturing products for HEAT, products which would be in direct competition with Watlow and Pacific.

Other than Pacific, Watlow's wholly owned subsidiaries include Watlow St. Louis, Inc., Watlow Industries, Inc., and Watlow AOV, Inc. These entities are collectively known as the Watlow Group. The group member corporations share their trade secrets. After learning that Mike and Ronald Wrob had misappropriated several of these secrets, Watlow and Pacific entered into a release and settlement agreement with Mike Wrob, Ronald Wrob and HEAT. A proposed order for an injunction and judgment and a stipulation of facts was attached to and incorporated in the agreement. The settlement agreement provided, if Mike Wrob, Ronald Wrob or HEAT violated the judgment, they would be liable to Watlow and Pacific for attorney fees incurred in enforcing the judgment. An order of permanent judgment, in accordance with the settlement agreement, was entered on June 4, 1991. Essentially, the judgment provided that Mike and Ronald Wrob were enjoined from competing with any member of the Watlow Group for five years.

In February of 1992, Mike Wrob and HEAT manufactured and sold 200 thermocouples to C.E.M. Electric. C.E.M. Electric

had been a customer of Pacific when Mike Wrob was employed there. Thermocouples are a temperature measuring device which protects heaters from over heating. Members of the Watlow Group sell and manufacture thermocouples and sell and manufacture products which contain thermocouples. After this transaction, counsel for Watlow and Pacific sent a letter advising Wrob that the 1991 judgment prohibited him from selling or manufacturing thermocouples.

Wrob and HEAT then brought this motion to modify or vacate the 1991 judgment.[1] Watlow and Pacific filed a motion which sought to hold Wrob in contempt and recover attorney fees incurred in enforcing the original judgment. The trial court denied Wrob and HEAT's motion. The court found that Wrob and HEAT were prohibited from selling or manufacturing thermocouples by the original injunction. The court purported to grant Watlow and Pacific's motion for contempt and awarded them $56,374 in attorney fees. Wrob and HEAT appeal from this order.

On appeal Wrob and HEAT complain of four errors. First, they argue that the trial court erred when it failed to modify or dissolve the order entered in 1991. They also claim that the court erred by finding that the 1991 order applied to the sale of thermocouples. Finally, Wrob and HEAT argue that the order for attorneys' fees and the order of contempt must be reversed.

■ In order for an appeal to lie, there must be a final judgment or order. § 512.-020 RSMo. (1986); *City of Florissant v. Lee,* 714 S.W.2d 871, 873 (Mo.App.1986). An order of civil contempt is not a final judgment until the order is enforced. *Lee* at 873. In *Lee* this court outlined the procedure for appealing such an order.

When confronted with a civil contempt order, a civil contemnor has two options. He may comply with the court's order, thereby purging himself of contempt; or

he may decide to appeal, in which case he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. If the contemnor chooses the first option, the case becomes moot and unappealable. If he chooses the second option, he is entitled to be released on bail pending his appeal.

*Id.* at 873 (citations omitted). The trial court has not issued a warrant of commitment or executed any fine. Since the order of contempt has not been enforced, it is not final and appealable.

■ Furthermore, the court's order purports to find Wrob in civil contempt without providing for any enforcement or punishment of the contempt. The order does not delineate any terms of incarceration or denominate any fine. Such an order is not complete and therefore not appealable. *See Muegler v. Muegler,* 784 S.W.2d 839, 841 (Mo.App. 1990).

■ As to the trial court's determinations regarding Wrob and HEAT's motion to vacate or modify the original injunction and Watlow and Pacific's claim for attorney fees, we hold that these are not final and appealable. Rule 74.01(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties.

---

1. Although this motion was filed nearly a year after the original judgment, the court still retained jurisdiction to modify its order. In the case of a permanent injunction which is based on a condition subject to change, the courts must retain jurisdiction to vacate or modify the terms of the injunction in order to avoid unjust or absurd results when a change occurs in the factual setting or the law which gave rise to its existence. *Twedell v. Town of Normandy,* 581 S.W.2d 438, 440 (Mo.App.1979). Here, as changed circumstances, Wrob asserted that he and his father no longer conducted business together.

The trial court made no finding that there was no just reason for delay in its determination of Wrob and HEAT'S action to vacate the original injunction or in its determination of Watlow and Pacific's claim for attorney fees. In the absence of such a finding and given the fact that no final judgment has been entered on the motion for contempt, the remainder of the trial court's order is not final and appealable. *See In re Marriage of Lydic,* 762 S.W.2d 99, 100–01 (Mo.App.1988).

Accordingly, this appeal is dismissed without prejudice.

GRIMM, P.J., and AHRENS, J., concur.