**STATE of Missouri ex rel. Kelly S. BULLOCK, Respondents.**

v.

**William E. BULLOCK, Appellant.**

No. 18974.

Missouri Court of Appeals, Southern District, Division One.

June 8, 1994.

Motion for Rehearing or Transfer to Supreme Court Denied June 30, 1994.

Application to Transfer Denied Aug. 15, 1994.

Bruce B. Brown, Brown & Brown, Kearney, for appellant.

Brian Keedy, Asst. Pros. Atty., Camden County, Camdenton, for respondents.

MONTGOMERY, Judge.

William E. Bullock (Appellant) appeals from a judgment of contempt and the related warrant and order of commitment for failure to pay child support. Contemporaneous with the warrant and order, the trial court stayed execution to allow Appellant to appeal. The State of Missouri and Kelly S. Bullock (Respondents) filed a motion to dismiss, arguing that the appeal is premature.

As this Court stated in *Win–Vent, Inc., v. Commerce Bank of Springfield,* 856 S.W.2d 100 (Mo.App.1993): "An order of civil contempt is not final for purposes of appeal until enforcement of it has been sought. Where the record fails to show an attempt to enforce the order, an order holding a party in contempt is interlocutory and not appealable." *Id.* at 101 (citations omitted).

 As we later explained in *State ex rel. Watson v. Watson,* 858 S.W.2d 841 (Mo. App.1993), a contemnor has two options in responding to a contempt order. First, he may purge himself by complying with the court's order. If he chooses this option, the case becomes moot and unappealable. Second, he may choose to appeal. In that case, he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. If he chooses this second option, he is entitled to release on bail pending his appeal. *Id.* at 842.

The record in the instant case indicates that Appellant (contemnor) has failed to adequately pursue either of these options. On the one hand, he has not purged himself by complying with the court's order. On the other hand, because the trial court stayed execution of its order, that order has never been enforced by incarceration. Therefore, Appellant's appeal is premature.

The appeal is dismissed.

PARRISH, C.J., and SHRUM, J., concur.