Linda J. "Zede" GOSS,
Movant–Appellant,

v.

Guy Robert PORTER, Respondent.

No. 68351.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 17, 1996.

Vines, Frankel, Rubin, Bond & Dubin, P.C., Aaron S. Dubin, Clayton, for Appellant.

Ralph Levy, III, Clayton, for Respondent.

KAROHL, Judge.

Movant Linda J. "Zede" Goss (Goss), formerly Porter, appeals order denying her request for contempt against Guy Robert Porter (Porter), her ex-husband and the father of their son. We find there was evidence to support the trial court's findings of fact that Porter's failure to pay child support, medical reimbursement and maintenance in the amounts required by a February 9, 1993, pendente lite (PDL) order and a March 18, 1994, decree of dissolution, "does not constitute a willful, knowing, intentional and contumacious failure to comply with [the circuit court's] Order." We affirm.

After a full evidentiary hearing Goss submitted proposed findings, conclusions and judgment of contempt. She proposed a sentence of imprisonment unless Porter paid arrearages of $46,365.51 or, alternatively, he paid $2,727.75 per month as current child support and maintenance and an additional sum of $500 a month on the arrearages, interest and fees. If Porter chose the installment method but failed to make "any single" payment then the court would summarily execute on the judgment of contempt and order him jailed.

Porter suggested the motion court should find that the provisions for child support and maintenance in the 1993 PDL and 1994 dissolution decree were based erroneously on imputed income of $84,000 per year, as a chiropractor, since he earned $37,148 gross in 1993, and $19,987 in 1994. That finding would not and could not reduce his judgment debt, but it would support further findings he was never in a position to pay the awards and thus, his failure to fully pay was not contemptuous. The motion court found the actual earnings were much less than $84,000. It found he earned $46,556 in 1993, and $40,826 in 1994.

The motion court also found Porter paid $5,205 in child support and $1,100 in maintenance beginning on April 24, 1994, and continuing to January 19, 1995. It found arrearages totalled $46,365.51. However, it considered Porter's actual earnings were "a change of circumstances ... which impaired his ability to pay the Court ordered maintenance, child support and medical expense. Specifically, [Porter] did not earn $84,000.00 per year as was imputed to him." On a related issue the trial court also found Porter did not willfully violate a charging order authorized by § 347.141 RSMo 1994 on his limited liability company because the order was defective.

■ Where imprisonment for civil contempt is contemplated a motion court "should be convinced that the person is financially able to make the required payment or that he has intentionally and contumaciously placed himself in a position so that he could not comply with the court's orders." *State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 575

(Mo. banc 1976). Motions for civil contempt are addressed to the sound discretion of the trial court, and on review, its judgment will not be disturbed in the absence of a clear abuse of discretion. *In re: Marriage of Mayfield,* 780 S.W.2d 139, 144 (Mo.App. 1989). Accordingly, we review to determine whether the refusal to find Porter in contempt was a clear abuse of discretion. We do so in a case where: (1) Porter agrees Goss met her burden of proof to establish a prima facie case of contempt; and, (2) there is no contention that Porter intentionally, contemptuously or in any manner brought about a reduced income.

■ The issue is whether the court abused its discretion in finding that Porter's actual earnings for 1993 and 1994 were inadequate to meet the obligations imposed by the money judgments for child support and maintenance. Resolution depends upon whether the evidence supports findings by the motion court.

No evidence was offered to support a finding that the imputed income of $84,000 per year accurately reflected Porter's earnings at the time of the decree of dissolution, March 18, 1994. Porter's evidence of his actual earnings and the absence of supporting evidence of the imputed sum supports a finding the awards of child support and maintenance totaling $2,727.51 per month were excessive. No explanation for the error has been provided. The motion court found that Porter earned approximately half the imputed amount. However, the proceedings before the motion court and this court are limited to the determination of whether the motion court must find him in contempt and order his imprisonment because he fell behind. His liability to pay the sums ordered, unless or until changed by court order, was not an issue for the motion court and is not before us.

Porter's occupation was in the nature of self-employment. He testified he incurred business expenses totaling between $800 and $1,000 per month to produce his income. He testified he paid $8,108 as maintenance and child support which represented 57% of his net income after taxes and penalties. Part of his payments were paid to an attorney who represented Goss. The motion court found he paid $6,305 in child support and maintenance after the dissolution. It is possible Porter considered these attorney's fee payments as maintenance and child support. When the PDL order was entered, one of the "Other Orders" adopted an agreement of the parties "that the court costs & attorney's fees awarded to [wife's attorney] on account in the accompanying PDL Order is intended to be in the nature of support and/or maintenance for the benefit of [wife]." This would reconcile Porter's testimony that all of his payments were on account of maintenance and support with the finding of the motion court.

We find no abuse of discretion in refusing to hold Porter in contempt. The maintenance and child support awards which constitute the subject of the motion for contempt were excessive. There was evidence to support a finding Porter did not willfully, intentionally and contemptuously refuse to comply with money awards of approximately $33,000 per year [$2,727.51 × 12] for maintenance and support where his earnings the year before the dissolution were $13,500 more than that sum and for the year of dissolution, approximately $8,000 greater than the annual total. The findings of the motion court are further supported by evidence of his work related expenses and consideration of the cost for his necessary living expenses.

Because we affirm, we overrule Porter's motion to dismiss this appeal as moot. During the pendency of this appeal, the trial court entered an order, in accord with an agreement of the parties, on Porter's motion to modify the dissolution decree. This modification order reduced the child support, eliminated maintenance and provided for installment payments to pay-off the arrearages. Porter contends the modification order and terms of the agreement render the appeal moot. Goss disputes this contention relying on the express agreement the parties reached in resolving the motion to modify. Particularly, the agreement provided the merits of this appeal would not be affected.

We need not decide whether some, but not all, of the issues raised by this appeal are unaffected by the subsequent events. If any

issue preserved for decision in this appeal survives the subsequent agreement and modification then the appeal is not moot. It may be that the subsequent agreement and modification of the decree, in accord with the agreement, has foreclosed Goss from continuing a request for incarceration, but not other forms of relief requested in the motion for contempt. Some claims for relief in the motion for contempt may not be inconsistent with the agreement and modification order. Because we find there was evidence to support the findings, conclusions and judgment of the motion court in denying the motion for contempt we overrule the motion to dismiss. Rejection of a judgment of contempt was within the discretion of the motion court.

We affirm.

RHODES RUSSELL, P.J. and SIMON, J., concur.