Deborah Sue STRICKLAND,
Petitioner/Respondent,

v.

Charles Michael STRICKLAND,
Respondent/Appellant.

No. 20779.

Missouri Court of Appeals,
Southern District,
Division Two.

April 7, 1997.

---

Donald Rhodes, Bloomfield, for respondent/appellant.

Joseph C. Blanton, Jr., Blanton, Rice, Sidwell & Ottinger, Sikeston, for petitioner/respondent.

MONTGOMERY, Chief Judge.

On September 27, 1993, the marriage of Charles Michael Strickland (Appellant) and Deborah Sue Strickland (Respondent) was dissolved by a decree entered in the Circuit Court of Butler County. In the division of marital property Respondent was awarded the marital home, a 35–acre tract of farmland, and numerous items of personal property. The marital property awarded to Appellant also consisted of real estate and personal property. Subsequently, both parties appealed.

While the appeals were pending, Appellant filed a supersedeas bond in the amount of $35,000. The surety on the bond was Amwest Surety Insurance Company.

On March 27, 1995, this Court affirmed the trial court's decision by an order entered pursuant to Rule 84.16(b).

On June 19, 1995, Respondent filed a "supplemental" motion for contempt against Appellant. One week later she filed a motion for judgment on the supersedeas bond requesting $35,000 in damages from Appellant and the surety.

On September 18, 1995, both motions were heard. A judgment was entered on October 5, 1995, which (1) awarded Respondent $15,092 as damages against Appellant and the surety, and (2) found Appellant in contempt of court.

Appellant timely filed a motion to amend the judgment. After a hearing on October 23, 1995, the trial court, by an amended judgment dated November 14, 1995, set aside the earlier judgment "for the reason that it erroneously listed items of damage not proved by the evidence." However, the court determined that "the said error did not effect [sic] the total amount of damages found to be due from [Appellant] which were correctly found to be $15,092.00" The court also found Appellant in contempt of court, as it had earlier done, for violations of the original decree and subsequent orders of the court.

The amended judgment further recites:

Because the Court has entered a money Judgment in favor of [Respondent] on [her] contemporaneous Motion for Judgment on Supersedeas Bond, the Court finds that [Appellant] has the ability to purge himself of this contempt and the Court will hold in abeyance the imposition of any sanctions on [Appellant] as a result of the finding of contempt herein. . . .

Only Appellant appeals from this judgment. Here, Appellant complains of three errors. First, he alleges the judgment of $15,092 against him lacked evidentiary support and that he was also denied certain credits and setoffs to which he was entitled. Second, Appellant argues the trial court improperly denied his motion for introduction of additional evidence after the amended judgment was entered. Finally, Appellant claims the trial court erroneously found him to be in contempt of court.

■ In order for an appeal to lie, there must be a final judgment or order. § 512.020, RSMo 1994; *City of Florissant v. Lee,* 714 S.W.2d 871, 873 (Mo.App.1986). "A final judgment is one which disposes of all parties and issues in the case." *Id.* An order of civil contempt is not a final judgment until the order is enforced. *Id.*

In *State ex rel. Watson v. Watson,* 858 S.W.2d 841 (Mo.App.1993), this Court reached the same result as in *Lee.* There, we said:

A civil contempt order is not a final judgment for purposes of appeal until the order is enforced. *Niehoff v. Forney,* 692 S.W.2d 635, 637[2–4] (Mo.App.1985). The contemnor has the option of purging himself of contempt by complying with the court's order. If that is done, the case becomes moot and unappealable. If, instead, he chooses to appeal, he must wait until the court's order is enforced by actual incarceration pursuant to a warrant of commitment. The contemnor who chooses the second option is entitled to release on bail pending his appeal. *Id.* Where the

record on appeal does not show that the contemnor has purged himself of contempt, and does not show his arrest and confinement and bond, the order is interlocutory and not appealable. *Niehoff,* at 637; *Smith v. Smith,* 678 S.W.2d 8, 9[4] (Mo. App.1984); *Hamilton v. Hamilton,* 661 S.W.2d 82, 83[4] (Mo.App.1983).

*Id.* at 842.

■ Here, the record does not show any attempt to enforce the order of contempt. Until enforcement of the order is sought, it is interlocutory and not appealable. *Win–Vent, Inc. v. Commerce Bank of Springfield, N.A.,* 856 S.W.2d 100, 101 (Mo.App.1993).

■ As to the trial court's determination regarding money damages and the denial of Appellant's motion to adduce additional evidence, we hold these issues are not final and appealable for the reasons set forth in *Wrob v. Watlow Elec. Mfg. Co.,* 878 S.W.2d 63, 65 (Mo.App.1994).

Rule 74.01(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of such determination, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court made no finding that there was no just reason for delay in its determination regarding money damages or the denial of Appellant's post-judgment motion. In the absence of such a finding and given the fact that no final judgment has been entered on the motion for contempt, the remainder of the trial court's judgment is not final and appealable. *See Wrob,* 878 S.W.2d at 66.

Accordingly, this appeal is dismissed without prejudice.

CROW, P.J., and SHRUM, J., concur.