In the Matter of Sterling Eli WHEAT.

Sandra HOLTKAMP, Respondent,

v.

Brenda SMITH–WHEAT, Appellant.

No. 70892.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 22, 1997.

Gregg T. Hyder, Columbia, for appellant.

Elton W. Fay, Columbia, for respondent.

CHARLES B. BLACKMAR, Senior Judge.

Sandra Holtkamp was appointed co-guardian and conservator of her father, Sterling Eli Wheat. Brenda Smith–Wheat, claiming to be the common-law wife of the ward under Texas law, was allowed to intervene. The court found that she had failed to turn over certain property to the conservator as previously ordered, and found her in contempt. No sanction of fine, imprisonment, or otherwise was imposed by the order adjudging contempt. Smith–Wheat appeals, describing the case as "motion for contempt."

We first determine whether we have appellate jurisdiction. We do not. Cases repeatedly hold that an order adjudging civil contempt is not final unless it includes either a commitment or a fine designed to enforce the order which is the subject of the contempt. *Watlow Electric Manufacturing Co. v. Wrob,* 878 S.W.2d 63, 65 (Mo.App.1994); *Win–Vent, Inc. v. Commerce Bank of Springfield,* 856 S.W.2d 100, 101 (Mo.App.1993). Even though the contempt order is coupled with other orders or declarations which might be the subject of an appealable final judgment, nothing is appealable until all issues in the case are disposed of absent a special order under Rule 74.01(b), of which there is no indication in the record. The assessment of costs against the intervenor as a sanction for contempt does not make the order appealable, especially since the court determined that the "costs" were to include attorneys' fees and the amount of any such fees has not been determined.

The appeal is dismissed for want of a final and appealable judgment.

AHRENS, C.J., and CRANDALL, JJ., concur.