**Ray G. SWAN, Mary E. Swan, and Linda Swan, Plaintiffs/Respondents,**

v.

**Joseph S. BAN, Defendant/Appellant.**

**No. ED 80446.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 31, 2002.

James W. Whitney Jr., Clayton, MO, for appellant.

Andrew D. Sandroni, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Chief Judge.

A child-support order was entered against the appellant Joseph S. Ban (Father) in 1987 for his minor child. In 1998, both Father and Linda Swan (Mother) consented to Mother's parents becoming the minor child's guardians. Child support was assigned to Mother's parents. In 2000, Father decided to quit paying child support because of the guardianship. To collect the back child support, Mother and her parents initiated contempt-of-court proceedings against Father. The trial court found that Father was in contempt of court and owed back child support of $4,290. The court did not impose any sanction of fine, imprisonment or otherwise in the order adjudging Father in contempt. Father appeals.

We have a duty to *sua sponte* determine if we have appellate jurisdiction in a given case. *Reisinger v. Reisinger,* 39 S.W.3d 80, 83 (Mo.App. E.D.2001). An order adjudging civil contempt is not a final, appealable judgment unless the order includes coercive measures, such as a commitment or a fine designed to enforce the order. *Matter of Wheat,* 944 S.W.2d 272, 273 (Mo.App. E.D.1997); *C.L. Smith Indus. Co., Inc. v. Matecki,* 914 S.W.2d 873, 878 (Mo.App. E.D.1996).

We issued an order directing Father to show cause why this appeal should not be dismissed for lack of a final judgment. Father has filed no response. There is nothing in the record before us to indicate that the judgment contains any coercive measures. No imprisonment or fine was imposed that was designed to enforce the order. Therefore, there is no final, appealable judgment.

The appeal is dismissed for lack of jurisdiction.

LAWRENCE G. CRAHAN and ROBERT G. DOWD, JR., JJ., concur.