Deborah M. CHEATHAM, Respondent,

v.

Fred Gregory CHEATHAM, Appellant.

No. ED 80708.

Missouri Court of Appeals,
Eastern District,
Division One.

March 25, 2003.

Robert S. Adler, St. Louis, MO, for Appellant.

Aaron S. Dubin, Clayton, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Fred G. Cheatham (hereinafter, "Father") appeals from the trial court's judgment finding him in contempt and issuing an order of commitment and warrant of arrest. Father brings five points on appeal claiming various errors resulting in the violation of his constitutional rights,

specifically his right to counsel, the notice he received with regard to the contempt hearing, and his ability to prepare and present a defense. We affirm in part, reverse and remand in part.

Father and Deborah Cheatham's (hereinafter, "Mother") marriage was dissolved on November 25, 1998. The dissolution decree awarded Mother primary custody of their four minor children and directed Father to pay child support in the amount of $1,582.25 per month. Additionally, Father was required to deliver any bonds, including savings bonds, titled in the names of the children to Mother. Both parties were obligated to keep the other informed as to their exact residence and to allow telephone contact with the children. Finally, Father was ordered to pay Mother's attorney's fees in the amount of $3,925.00.

On February 16, 2000, the trial court entered a Consent Order and Judgment in Settlement of Petitioner's Motion to Cite and Punish Respondent for Contempt (hereinafter, "the consent order"). Pursuant to the terms of the consent order, the parties stipulated that Father was delinquent in his child support obligation in the amount of $1,951.46.

On April 13, 2001, Father filed a motion to modify the decree of dissolution by changing custody of one of the four children from Mother to Father. Additionally, Father sought a modification of child support based on the proposed change of custody and the increase in Mother's income and decrease in Father's income. Mother was served properly with the motion and it was set for pretrial on August 16, 2001.

On August 16, 2001, Mother filed a Counter Motion to Cite and Punish Father for Contempt. Mother alleged in her motion that Father had failed to comply with the terms of the decree of dissolution in that he, *inter alia*, failed: (1) to deliver the bonds; (2) to pay her attorney's fees; (3) to inform Mother of changes in addresses and phone numbers; and (4) to permit adequate telephone contact. This motion made no mention of any outstanding child support obligation. The case was set for pretrial again on October 11, 2001.

On October 11, 2001, Mother hand-delivered her first set of interrogatories and a request for production of documents to Father's attorney. At this time, the case was set for trial on January 8, 2002.

On November 16, 2001, Mother filed a motion to compel with respect to her discovery requests of October 11th. The matter was heard on November 30, 2001, and the trial court granted Mother's motion. The trial court stated in its order that Father had until December 10, 2001, to comply with Mother's discovery requests or his pleadings would be stricken, and he would be prevented from offering evidence on Mother's motion for contempt which was the subject of the discovery request. Father failed to comply with the trial court's order, and the court ordered that Father's motion to modify be stricken and that he be prevented from presenting any evidence as it related to Mother's motion for contempt.

On December 17, 2001, Father's counsel filed a motion to withdraw and a notice of hearing. No service was shown upon Father. The trial court heard the attorney's motion on December 21, 2001, and granted his request to withdraw. On December 24, 2001, Father's attorney mailed him a copy of the order releasing him as Father's attorney and stressed the importance of retaining additional counsel in that the contempt motion could result in Father being incarcerated. The letter was mailed to an address in O'Fallon, Missouri.

On January 3, 2002, Mother filed a Second Motion to Cite and Punish Father for Contempt. This motion focused solely on Father's outstanding child support obligations. Along with the motion, notice of the hearing was scheduled for January 8, 2002, on the second contempt motion. Father was served by mail at an address in St. Ann, Missouri.

On January 8, 2002, the case was called for trial. Father hired another attorney on January 7, 2002, who was retained for the sole purpose of seeking a continuance. This attorney asked for a continuance which was denied. As a result, Father proceeded *pro se* on the contempt motion. After all of the evidence, the trial court held Father in contempt and issued its oral rulings which were reduced to writing by Mother's attorney. The trial court found Father had the present ability to make child support payments and the ability to pay Mother's attorney's fees. Father was also ordered to make arrangements to turn over the savings bonds and propose to the court how he planned to pay the arrearages in child support and the attorney fees.

Father immediately retained another attorney and filed a motion to set aside the trial court's judgment. The trial court granted Father a hearing on his motion on January 15, 2002. Father presented evidence that he was not aware he had the right to counsel during the January 8th proceeding, and he was never asked if he waived that right. Father also stated he was confused as to what evidence he could present in his defense in light of the trial court's order of November 30, 2001, limiting his ability to present a defense. Father raised several other issues with re-spect to the adequacy of the notice he received regarding the motions for contempt and his first attorney's motion to withdraw.

After all of the evidence was presented, the trial court made an oral ruling denying Father's motion to set aside the judgment. The court found Father was dilatory in retaining an attorney prior to the hearing and that he had the financial ability to make the child support payments. The court found Father in contempt and ordered him incarcerated with conditional work-release until he purged the contempt. Father posted a property bond in lieu of incarceration.[1] This appeal follows.

We will not reverse the trial court's judgment regarding a motion for civil contempt unless the trial court abused its discretion. *Kaelin v. Kaelin*, 988 S.W.2d 657, 660 (Mo.App. E.D.1999). For the trial court to hold Father in contempt, it must be convinced that he was financially able to make the required payments or that he intentionally and contumaciously placed himself in a position so that he could not comply with the trial court's judgment. *Id.; Goss v. Porter*, 928 S.W.2d 902, 903 (Mo.App. E.D.1996).

We choose to address Father's second point on appeal first. Father's second point argues the trial court erred in holding him in contempt in that it failed to advise him of his right to representation during the course of the contempt proceedings. Father argues the trial court never advised him prior to the hearing of January 8th that he was entitled to have an attorney present. Moreover, Father claims the trial court did not inquire as to

---

1. The posting of a property bond pending appeal confers jurisdiction upon this Court in that the trial court's judgment of contempt has been executed. *See Happy v. Happy*, 903 S.W.2d 609, 610 (Mo.App. W.D.1995); *Clark v. Myers*, 945 S.W.2d 702, 703 (Mo.App. E.D. 1997); *Strickland v. Strickland*, 941 S.W.2d 866, 867 (Mo.App. S.D.1997).

whether he was considered indigent, and therefore, could have counsel appointed. Finally, Father claims he made no intelligent and knowing waiver of his right to counsel. Mother argues Father implicitly made a knowing and intelligent waiver of his right to counsel by his failure to retain counsel prior to the hearing. Mother relies on *Bewig v. Bewig*, 784 S.W.2d 823 (Mo.App. E.D.1990) for this proposition.

■ Procedural due process "requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his [or her] behalf, either by way of defense or explanation." *Hunt v. Moreland*, 697 S.W.2d 326, 328–29 (Mo.App. E.D.1985)(*quoting In re Green's Petition*, 369 U.S. 689, 691–92, 82 S.Ct. 1114, 1116, 8 L.Ed.2d 198 (1962)). In the case of indirect contempt, civil or criminal, unless the trial judge predetermines the nature of the infraction is of insufficient gravity to warrant the imposition of imprisonment if the accused is found guilty, the unrepresented accused must be advised of his or her right to counsel and, absent a knowing and intelligent waiver thereof, be given adequate opportunity to obtain representation. *Id.* at 329–30. If the accused is determined to be indigent, counsel must be appointed before any critical stage of the contempt proceeding. *Id.*

In *Hunt*, the trial court permitted the father's attorney to withdraw on the day the hearing was scheduled on the mother's contempt motion. *Id.* at 327. The father proceeded unrepresented, and he signed a memorandum entered by the trial court finding him in contempt and deferring sentencing until six months later in order to allow the father to purge himself of the contempt. *Id.* The father remained unrep-resented six months later when the trial court entered a sentence finding the father guilty of indirect civil contempt and ordered him incarcerated. *Id.* at 328.

This Court held that the father's "incarceration in the absence of representation by counsel, or a knowing and intelligent waiver of counsel is in violation of due process rights...." *Id.* After a discussion of the principles imposed upon trial courts to recognize the seriousness and gravity of a misdemeanor offense in connection with incarceration as a potential punishment, this Court stated, "[t]he same considerations are no less applicable to contempt proceedings in which there is a significant likelihood of imprisonment if the accused is found guilty." *Id.* at 329.

Mother relies on *Bewig* for the proposition that Father knowingly and intelligently waived his right to counsel by failing to retain counsel prior to the hearing. In *Bewig*, the mother filed a motion for contempt on March 7, 1988, seeking delinquent child support payments, among other things. *Bewig*, 784 S.W.2d at 824. All parties appeared on August 15, 1988, the trial court was informed of a conflict and allowed the father's counsel to withdraw. *Id.* The trial court directed the father to obtain new counsel within twenty days as the matter would be called for trial in October. *Id.* The father failed to retain counsel by the time the trial was held on November 17, 1988. The father claimed he retained an attorney, but he also withdrew two weeks prior to trial. The father also claimed he spoke to another attorney who he believed would represent him, but this attorney was not present at trial. *Id.*

After noting that neither attorney had filed an entry of appearance, the trial court found there was no indication that the father made any effort to have an attorney represent him and informed him he would have to represent himself. *Id.* The trial

court found the father in contempt, and the father appealed. This Court upheld the father's conviction based on "the implicit conclusion of the trial court that [the father] had knowingly and intelligently waived his right." *Id.* at 825. This Court looked at the father's conduct in failing to retain an attorney despite having over three months to do so. *Id.*

*Bewig* is distinguishable from the instant case in that the trial court allowed Father's attorney to withdraw less than three weeks prior to the hearing and did not grant Father a continuance in order to obtain counsel. Moreover, Father received notice of his attorney's withdrawal on December 24, 2001, during the Christmas holiday season. We do not find Father disregarded his attorney's withdrawal with the same indifference evidenced in the *Bewig* case, and he was not afforded ample time to obtain counsel. As such, and unlike the court in *Bewig*, we find Father did not implicitly waive his right to counsel by appearing at the hearing without representation.

Prior to the hearing on Mother's second contempt motion, the trial court made the following statements with regard to Father's representation at the hearing:

> For the purpose of some preliminaries here the Court should note for the record that [Mother] is here by counsel; the [Father] had an attorney here earlier today and—who asked for a continuance and said he was retained to represent the [Father] only for that purpose, and the Court denied the motion for continuance.

The record does not reflect that the trial court informed Father that he had the right to be represented by counsel at the hearing. The trial court did not ask whether Father was indigent, and therefore, could have had counsel appointed for him. Nor is there any indication in the record the trial court inquired as to whether Father wished to waive his right to counsel prior to proceeding. Further, Father testified during the hearing on his motion to set aside the judgment that he was unaware he had a right to counsel, he did not waive his right to counsel, and he was confused as to how he could proceed at the contempt hearing in light of the trial court's discovery sanctions. Based on the foregoing, we find the trial court erred in failing to advise Father of his right to counsel or to ensure Father made an intelligent and knowing waiver on the record. Father's second point is granted.

Father's remaining points on appeal pertain to issues of his previous attorney's withdrawal, the notice he received with respect to Mother's second contempt motion, and the striking of his motion to modify as a result of discovery violations. The trial court committed no error with respect to these issues. An opinion reciting the detailed facts and restating the principles of law would have no precedential value and we affirm these points without comment pursuant to Rule 84.16(b).

We reverse the trial court's judgment finding Father in contempt pursuant to his second point and remand the case for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.