**Jodie Kay JONES, Respondent,**

v.

**Lloyd Elton JONES, Jr., Appellant.**

**No. WD 70105.**

Missouri Court of Appeals,
Western District.

Nov. 10, 2009.

---

John T. Murray, Columbia, MO, for appellant.

Gretchen Yancey, Columbia, MO, for respondent.

Before ALOK AHUJA, P.J., JAMES M. SMART, JR., and LISA WHITE HARDWICK, JJ.

JAMES M. SMART, JR., Judge.

The circuit court found Lloyd Jones to be in contempt of court based on a motion filed by his former spouse, Jodie Coursey, which alleged that he was not complying with the terms of their dissolution decree and parenting plan. Mr. Jones's appeal is dismissed.

## Background

Lloyd Jones (Father) and Jodie Jones (now Coursey) (Mother) were divorced in January 2008. The judgment of dissolution included a detailed parenting plan

concerning the couple's three minor children. Pursuant to that plan, the parties share joint legal and physical custody. The plan included a detailed schedule for sharing custody, a requirement that the children receive counseling from a licensed counselor, and a requirement that each parent foster contact and encourage communication between the children and the other parent. The judgment stated: "Failure to comply with the Parenting Plan may also subject Mother or Father to the court's contempt powers."

In May 2008, Mother filed a motion for contempt. She alleged that Father had denied and interfered with her attempts to exercise custody and to communicate with the children, had continued to alienate the children from her, and had thwarted her attempts to abide by the court order regarding counseling. Following a hearing on the motion, the circuit court issued its ruling on July 31, 2008. The circuit court found Father to be in contempt of court and ordered him incarcerated in the Boone County jail. The ruling provided, however, that Father could purge himself of the contempt by fully complying with (1) the original dissolution decree and parenting plan, and (2) the contempt ruling, which contained specific additional requirements designed to rectify Father's prior noncompliance with the original plan. The court also ordered Father to pay Mother's attorney's fees for the contempt proceeding and appeal, as well as court costs and guardian *ad litem* fees.

Father appeals.

1. In his "Conclusion," Father suggests that this court "should" reverse the order that he pay Mother's attorney's fees and the litigation costs and award him the same. He does not include any such claim in a point relied on, nor does he make any argument in support. Issues not raised in the point relied on, as well as those that are unsupported by argument, are deemed abandoned. *See* Rule

## Discussion

 Father asks this court to reverse the circuit court's order of contempt, because, he says, the ruling was against the weight of the evidence and was an erroneous application of the law.[1] When we review a trial court's judgment in a civil contempt proceeding, we review for an abuse of discretion. *See Basham v. Williams*, 239 S.W.3d 717, 726 (Mo.App. 2007).

### *Jurisdiction*

 Before addressing Father's arguments, we consider, *sua sponte*, whether there is an appealable judgment of contempt. *See Cohen v. Cohen*, 178 S.W.3d 656, 678 (Mo.App.2005). A civil contempt order must be final to be appealed. *In re Marriage of Crow and Gilmore*, 103 S.W.3d 778, 780 (Mo. banc 2003); section 512.020(5). If an order of contempt is not final, this court lacks jurisdiction over the appeal and must dismiss. *Gilmore*, 103 S.W.3d at 780.

 The purpose of a civil contempt order is to compel compliance with the relief granted in an order, judgment, or decree. *Id.* Thus, such an order ordinarily includes coercive measures, such as a commitment or a fine designed to enforce the order. *See id.* at 781; *Swan v. Ban*, 93 S.W.3d 850, 851 (Mo.App.2002). A contemnor has two options in responding to a contempt order. *Gilmore*, 103 S.W.3d at 780. One option is to purge the contempt by complying with the terms of the order. *Id.* If he chooses that option, the case becomes moot and unappealable. *Id.*; *see*

84.04(e); *Blakey v. AAA Prof'l Pest Control, Inc.*, 219 S.W.3d 792, 794 (Mo.App.2007). Father has not filed a motion in this court seeking his attorney's fees on appeal. Because this request for relief has not been preserved, and because we see no facial indication of a manifest injustice, we decline to exercise our discretion to review it. *See* Rule 84.13(c).

*also* 4 Am.Jur.2d, *Appellate Review* Section 198 (2007) (a contempt order stating that punishment is to be imposed only if the contemnor fails to comply with a stated condition or to purge himself within a certain period of time is not appealable).

■ The other option, that of appealing the ruling, must wait until the court's order is enforced. *Id.* at 781; *State ex rel. Bullock v. Bullock,* 879 S.W.2d 708 (Mo. App.1994). An order finding a party in contempt is interlocutory only and not final for purposes of appeal until it is actually enforced. *Gilmore,* 103 S.W.3d at 782; *Cohen,* 178 S.W.3d at 678. It is the nature of the remedy that dictates when "enforcement" occurs. *Gilmore,* 103 S.W.3d at 781. A contempt order is "enforced" either when the moving party executes on it, or, in the case of imprisonment, when the court issues an order of commitment. *Id.* Once a trial court has issued an order of commitment, then the contempt order "changes from mere threat to 'enforcement,' and becomes final and appealable." *Id.* at 782.

In this case, incarceration was conditioned upon Father's failure to purge the contempt. Counsel for Father stated that no order of commitment has ever been issued in this case, and there is no indication in the record that the court has issued one. Until incarceration is ordered, the contempt order is not "enforced." *See Gilmore,* 103 S.W.3d at 781–82. Where a contempt order has been enforced, a contemnor is entitled to release on bail pending his appeal, *see Bullock,* 879 S.W.2d at 708, but there is no indication that such has happened here. Where, as in this case, there is no commitment order and no showing that the contemnor has ever been arrested, confined, or posted bond, the contempt order is interlocutory only and not appealable. *See Yalem v. Yalem,* 811 S.W.2d 493, 494 (Mo.App.1991). Moreover, the record indicates, and both parties agreed at oral argument, that Father has complied with the court's requirements for purging the contempt.

Because the contempt order has never been enforced by an order of commitment or incarceration, and because contemnor has evidently purged himself, the appeal is premature on both counts. The appeal must be dismissed.

All concur.